PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
ALEXANDRA B. ZUIDERWEG, State Bar No. 270177
azuiderweg@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants County of Los Angeles,
Los Angeles County Sheriff's Department,
Sheriff Leroy D. Baca, Dennis H. Burns, Deputy Kerfoot,
Marvin Cavanaugh, Daniel Cruz and Deputy Casey Owens

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHITE, | Case No. CV 13-03401 JFW (SSx) |
| Plaintiff, | [DISCOVERY MATTER] |
| vs. | Honorable Suzanne H. Segal |
| LEROY BACA, SHERIFF, DEP. KERFOOT, DEP. CASEY OWENS #523213, JOHN DOE, CAPT. DANIEL CRUZ, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, DENNIS A. CONTE, MARVIN CAVANAUGH, STEPHEN B. JOHNSON, DENNIS H. BURNS, and TEN UNKNOWN NAMED DEFENDANTSS ("DOES" 1-20), inclusive, | **ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER** |
| Defendantss. | |

///

///

///

The Parties having stipulated and good cause appearing:

IT IS HEREBY ORDERED that:

The instant action involves a force incident that occurred on May 13, 2009 in Men's Central Jail, which is a custody facility operated by the Los Angeles County Sheriff's Department.

WHEREAS, discovery in this litigation involves the production of sensitive and Confidential Information by the Parties, IT IS HEREBY STIPULATED AND AGREED TO, by and between the Parties, through their respective counsel of record, that the following Protective Order be entered:

## I.   INTRODUCTION AND STATEMENT OF GOOD CAUSE.

### A.   Plaintiff.

The Plaintiff in this action is Eric White (hereinafter, "Plaintiff).

### B.   Defendants.

The Defendants in this action are County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Leroy D. Baca, Dennis H. Burns, Matthew Kerfoot, Marvin Cavanaugh, Daniel Cruz and Kasey Owens (hereinafter, collectively, "Defendants").

### C.   Statement of Good Cause.

Plaintiff and Defendants (the "Parties") anticipate that during discovery in this action they will exchange documents, items, materials, and other information that contain sensitive, confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The sensitive and Confidential Information that the Parties anticipate may be exchanged includes, but is not limited to: (1) documents containing Confidential Information regarding the Sheriff's Department; (2) documents

1  related to Sheriff's Department investigations, both criminal and administrative,
2  including information protected from disclosure by California Penal Code §§
3  832.5 *et seq.*, California Evidence Code §§ 1040 *et seq.*, and the Peace Office Bill
4  of Rights, California Government Code §§ 3300 through 3312 ("POBR"); (3)
5  medical and mental health records, *see*, 45 C.F.R. §§ 164 *et seq.* (Health
6  Insurance Portability and Accountability Act ["HIPAA"] lays out privacy rules
7  and standards regarding confidentiality, use, and disclosure of individuals'
8  identifiable health information); Cal. Civil Code §§ *56 et seq.* (regarding patients'
9  rights to privacy of identifiable medical records); (4) information subject to the
10 Privacy Act (codified at 5 U.S.C. § 52a) or the official information privilege that
11 is protected from disclosure by law; (5) material containing private and
12 confidential third-Party information protected by the right to privacy guaranteed
13 in the federal Constitution and the First Amendment; and (6) other records
14 protected by federal and state law.
15      The Parties acknowledge that this Order does not confer blanket
16 protections on all disclosures or responses to discovery and that the protection it
17 affords extends only to the limited information or items that are entitled under the
18 applicable legal principles to treatment as confidential.
19 **II.    DEFINITIONS.**
20      **A.    Party.**
21      Any "Party" to this action, including all of its officers, directors,
22 employees, consultants, retained experts, and legal counsel (and their support
23 staff).
24      **B.    Disclosure or Discovery Material.**
25      All items or information, regardless of the medium or manner generated,
26 stored, or maintained (including, among other things, testimony, transcripts, or
27 tangible things) that are produced or generated in disclosures or responses to
28 discovery in this matter.

3

**C.    Confidential Information.**

"Confidential Information" shall mean information (regardless of how generated, stored or maintained) which constitutes, reflects or discloses confidential or private information concerning Sheriff's Department personnel, Plaintiff, class members or potential class members and any other tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) or the authorities cited above in Section I-C of this Stipulation. Section I-C is hereby incorporated by this reference into this definition.

**D.    Documents.**

The term "Documents" means all written, recorded, graphic, or electronically stored matter whatsoever, including, but not limited to, materials produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, and any portion of any Court papers that quote from the foregoing and any other disclosure or discovery material that is designated by the parties as Confidential Information.

**E.    Designating Party.**

A Party or non-Party that designates Disclosure or Discovery Material as Confidential Information.

**F.    Receiving Party.**

A Party that receives Disclosure or Discovery Material containing Confidential Information.

**G.    Expert.**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**H.    Professional Vendors.**

4

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**I.     Counsel.**

For purposes of this Order, "counsel" or "attorney" means counsel of record for the Parties of this action and all their employees, agents, volunteers, interns, and experts.

**J.     Privilege.**

For purposes of this Order, "privilege" shall mean the attorney-client privilege, the attorney-work product doctrine, or any other privilege or doctrine that may apply to Disclosure or Discovery Material, Documents, or Confidential Information.

**III.     <u>SCOPE</u>.**

Any and all documents including Confidential Information shall be governed by this Order.  The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Confidential Information.

**IV.     <u>DURATION</u>.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect unless and until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**IV.     <u>USE AND DISSEMINATION OF THE CONFIDENTIAL INFORMATION</u>.**

This Protective Order shall apply to all materials designated as Confidential Information. The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Defendants; originals and copies of relevant documents responsive to requests for production of documents obtained from Defendants; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, or referred to. The Confidential Information shall be subject to this Protective Order as follows:

### A. Storage Of Confidential Information.

Immediately upon production by the Designating Party, attorneys for the Receiving Party shall personally secure and maintain the Confidential Information in their possession. The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

### B. Confidential Information Legend.

All Disclosure or Discovery Material containing Confidential Information shall be stamped by defendants "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

### C. Limitation Of Use Of Confidential Information.

Confidential Information produced pursuant to this Order, regardless of the format or manner produced, shall be used solely for the express purpose of litigating this action, and for no other purpose of any kind. Attorneys for the Receiving Party shall not cause or permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order. Any such disclosure shall be construed as a violation of this Order.

### D. Testimony Regarding Confidential Information.

WHITE,ERIC#2\Proposed Order reProtective Order

In the case of depositions, any Party may designate all or any portion of the deposition testimony given in this litigation as Confidential Information, either orally during the deposition or in writing within seven calendar-days after receipt of the deposition transcript.  The Parties anticipate that only those portions of the deposition transcript referencing or addressing Confidential Information will be further designated as Confidential Information.  Until expiration of the seven calendar-day period, the entire deposition shall be treated as Confidential Information.  Further, to the extent that Confidential Information may be identified or referred to in depositions in this case, the court reporter transcribing the deposition shall sign a statement as set forth in Paragraph No. IV - I.  Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this Order.  Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.  This does not prevent any party from conducting depositions up to February 3, 2014.

   E. **Inadvertent Disclosure.**

If the Designating Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by: (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend.  In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the Party had already disseminated the Confidential Information to any person, the Party will notify all such persons in writing of the need to promptly return such Confidential Information and not to further disseminate it.

   F. **Limitations On The Non-Litigation Use Of Confidential Information.**

WHITE,ERIC#2\Proposed Order reProtective Order

The secrecy and confidentiality of the Confidential Information exchanged during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action and may not be used for any other purpose of any kind, including for the litigation of any other action (regardless of whether the action is related).  No Confidential Information or copies thereof, nor any transcript, quotation, paraphrase, summary, or other description containing Confidential Information shall be reproduced, disseminated, or disclosed to any person or use for any purpose except in accordance with this Stipulation and Order or by further Order of the Court. Specifically, the Receiving Party may not use any Confidential Information for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, press releases, interviews, or other publications. The Receiving Party is prohibited from placing any Confidential Information on the internet and may not use or make Confidential Information available for use in other litigation except by express written permission of the Designating Party.

### G.   Court Filings.

If necessary in the judgment of attorneys for Receiving Party, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5.

### H.   Other Persons Authorized To Review Confidential Information.

The Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order.  Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information.  Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and

employees have first executed the written statement set forth in Paragraph No. IV - I below, and comply with the provisions of that section.

### I. Applicability Of Order To Other Persons.

Prior to the disclosure of any Confidential Information to any person described above, attorneys for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute, on a second copy, which counsel shall thereafter serve on the Designating Party the following acknowledgment:

"I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of any Confidential Information. I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____ /s/_____"

This written requirement applies to, but is not limited to, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party's counsel to assist in the preparation and/or the litigation of this action. The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal. In addition, the Receiving Party shall maintain a log of all persons that viewed Confidential Information and shall provide a copy of said log upon the written request of the Designating Party.

### J. Plaintiff'/ Inmate / Prisoner Possession of Materials.

Neither Plaintiff nor any current or former inmate of the Los Angeles County jails may have access to or possession of any Confidential Information, or material derived therefrom. This limitation does not prevent showing an individual his or her own medical records or discussion of the contents of any Confidential Information by the attorneys for the Receiving Party with the Plaintiff.

### K. No waiver of objections.

Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any Party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order. Nor does Defendants waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this Order. In addition, the inadvertent production or disclosure of any Discovery or Disclosure material or Confidential Information shall be without prejudice to any claim of Privilege, and the Producing Party shall not be held to have waived any rights by such inadvertent production.

### L. Subpoena for Confidential Information.

In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Designating Party. The Receiving Party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a court order requiring such production.

### M. Modification.

WHITE,ERIC#2\Proposed Order reProtective Order

For good cause, any Party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

### N. Return of Confidential Information.

No more than thirty (30) calendar days after the conclusion of this case the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph IV - I of this Order, to the Designating Party care of:

> Justin W. Clark, Esq.
> Lawrence Beach Allen & Choi, PC
> 100 West Broadway, Suite 1200
> Glendale, California 91210-1219;

### O. Survivability of Order.

This Stipulation and Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.

IT IS SO ORDERED.


Dated:  1/2/14                    _____/S/_____
                                            Honorable Suzanne H. Segal
                                            United States District Judge

11

WHITE,ERIC#2\Proposed Order reProtective Order