Jeff Dominic Price  |  SBN 165534
2500 Broadway, Suite 125
Santa Monica, California 90404
310.451.2222
jeff.price@icloud.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHITE, | Case No.: 2:13-CV-03401-JFW-SSx |
| Plaintiff, | JOINT STIPULATION PERTAINING TO DISCOVERY DISPUTES. L.R. 37-2. |
| vs. | |
| MATTHEW KERFOOT et al., | Discovery Cutoff:   July 24, 2017 |
| Defendants. | PTC:                    October 6, 2017<br>Trial Date:         October 31, 2017 |

To:   THE CLERK OF THE COURT AND TO THE DEFENDANT AND HIS ATTORNEYS OF

RECORD:

Pursuant to Fed. R. Civ. P. 37 and L.R. 37, the parties submit the following

Joint Stipulation Pertaining to Discovery Disputes.

DATED: June  26 , 2017          JEFF DOMINIC PRICE

                        By          /s/ Jeff Dominic Price
                                    Jeff Dominic Price, Esq.
                                    Attorney for the plaintiff

1                                                          13-CV-03401-JFW-SSx

**JOINT STIPULATION PERTAINING TO DISCOVERY DISPUTES**

1
2
3
4

[Intentionally left blank]

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

**JOINT STIPULATION PERTAINING TO DISCOVERY DISPUTES**

# <u>**Table of Contents**</u>

Page

I.  Introductory Statements ........................................................... 3

Introductory Statement by Plaintiff ....................................... 3

Introductory Statement by Defendants .................................. 4

II.  Deputies Kerfoot and Owens ................................................... 7

Requests for Admission, Set One Kerfoot and Owens 0503 ................. 7

Request For Admission No. 2... ..................................... 7

Original Response To Request For Admission No. 2........ 7

Plaintiff's Argument For Disclosure ................................ 7

Defendants' Response ................................................. 7

Requests for Admission, Set Three Kerfoot and Owens 0509 ............. 8

Kerfoot/Owens Request For Admission No. 2........................... 8

Original Response To Kerfoot Request For Admission No. 2.................................................. 8

Plaintiff's Argument For Disclosure ................................ 9

Defendants' Response ................................................. 10

Original Response To Owens Request For Admission No. 2.................................................. 10

Plaintiff's Argument For Disclosure ................................ 11

Defendants' Response ................................................. 12

Kerfoot/Owens Request For Admission No. 3........................... 12

Original Response To Kerfoot Request For Admission No. 3.................................................. 13

Plaintiff's Argument For Disclosure ................................ 13

Defendants' Response ................................................. 14

Original Response To Owens Request For Admission No. 3.................................................. 15

**JOINT STIPULATION PERTAINING TO DISCOVERY DISPUTES**

Plaintiff's Argument For Disclosure ................................. 15

Defendants' Response ..................................................... 16

Kerfoot Request For Admission No. 6 ........................................ 25

Original Response To Kerfoot Request For Admission No. 6 ................................................................... 25

Plaintiff's Argument For Disclosure ................................. 26

Defendants' Response ..................................................... 27

Owens Request For Admission No. 6 ... ........................................ 27

Original Response To Owens Request For Admission No. 6 ................................................................... 28

Plaintiff's Argument For Disclosure ................................. 28

Defendants' Response ..................................................... 29

Kerfoot/Owens Request For Admission No. 7 ........................... 30

Original Response To Kerfoot Request For Admission No. 7 ................................................................... 30

Plaintiff's Argument For Disclosure ................................. 30

Defendants' Response ..................................................... 31

Original Response To Owens Request For Admission No. 7 ................................................................... 32

Plaintiff's Argument For Disclosure ................................. 32

Defendants' Response ..................................................... 33

Requests for Admission, Set Four Kerfoot and Owens 0509 ............... 38

Owens Request For Admission No. 1... ........................................ 38

Original Response To Owens Request For Admission No. 1 ................................................................... 38

Plaintiff's Argument For Disclosure ................................. 39

Defendants' Response ..................................................... 40

Kerfoot Request For Admission No. 3 ........................................ 43

**JOINT STIPULATION PERTAINING TO DISCOVERY DISPUTES**

Original Response To Kerfoot Request For Admission No. 3 ...................................................... 43

Plaintiff's Argument For Disclosure.................................. 43

Defendants' Response........................................ 44

Kerfoot Request For Admission No. 4........................................ 45

Original Response To Kerfoot Request For Admission No. 4 ...................................................... 45

Plaintiff's Argument For Disclosure.................................. 47

Defendants' Response........................................ 44

Kerfoot Request For Admission No. 5........................................ 47

Original Response To Kerfoot Request For Admission No. 5 ...................................................... 48

Plaintiff's Argument For Disclosure.................................. 48

Defendants' Response........................................ 49

Kerfoot Request For Admission No.6........................................ 50

Original Response To Kerfoot Request For Admission No. 5 ...................................................... 50

Plaintiff's Argument For Disclosure.................................. 48

Defendants' Response........................................ 51

Kerfoot Request For Admission No. 7........................................ 52

Original Response To Kerfoot Request For Admission No. 5 ...................................................... 52

Plaintiff's Argument For Disclosure.................................. 52

Defendants' Response........................................ 54

Request For Admission No. 8... ........................................ 54

Request For Admission No. 9... ........................................ 56

Defendants' Response (Kerfoot)........................................ 58

Defendants' Response (Owens) ........................................ 60

Request For Admission No. 10... .................................. 60

**JOINT STIPULATION PERTAINING TO DISCOVERY DISPUTES**

Defendants' Response (Kerfoot)........................................ 62

Defendants' Response (Owens)........................................ 64

Request For Admission No. 3... ...................................... 82

Defendants Responses........................................ 84

Request For Admission No. 4... ...................................... 84

Defendants Responses........................................ 86

Request For Admission No. 5... ...................................... 87

Defendants' Responses ........................................ 88

Request For Admission No. 9... ...................................... 96

Defendants' Responses ........................................ 98

Request For Admission No. 3 (Owens)... ................................. 102

Defendants' Responses ........................................ 104

Request For Admission No. 4 (Owens)... ................................. 105

Defendants' Responses ........................................ 107

Request For Admission No. 5 (Owens) ... ................................. 107

Defendants' Responses ........................................ 109

Request For Admission No. 3 (Kerfoot)... ................................. 119

Defendants' Responses ........................................ 121

Request For Admission No. 4 (Kerfoot)... ................................. 121

Defendants' Responses ........................................ 123

Request For Admission No. 5 (Kerfoot)... ................................. 124

Defendants' Responses ........................................ 126

Request For Admission No. 6 (Kerfoot)... ................................. 126

Defendants' Responses ........................................ 128

Request For Admission No. 7 (Kerfoot)... ................................. 128

Defendants' Responses ........................................ 130

Interrogatories, Set One Kerfoot and Owens 0503 ............................. 136

iv

13-CV-03401-JFW-SSx

**JOINT STIPULATION PERTAINING TO DISCOVERY DISPUTES**

Interrogatory No. 1........................................................................... 136

    Defendants' Responses (Kerfoot) ...................................... 137

    Defendants' Responses (Owens) ....................................... 138

Interrogatory No. 3........................................................................... 138

    Defendants' Responses (Kerfoot) ...................................... 139

    Defendants' Responses (Owens) ....................................... 141

Interrogatory No. 4........................................................................... 141

    Defendants' Responses ....................................................... 142

Interrogatory No. 5........................................................................... 142

    Defendants' Responses ....................................................... 143

III.   Supervisory Defendants Baca, Burns, Cruz, Cavanaugh ....................... 150

    A.   Objections limited to on the basis of dismissal ........................... 150

Requests for Admission, Set One: Cruz and Cavanaugh 0426 .............. 153

Interrogatories, Set One: Baca, Burns, Cruz, Cavanaugh 0427 ............ 154

Interrogatory, Set Two: Baca.................................................................... 155

Requests for Production, Set One: Baca, Burns, Cruz, Cavanaugh
0427 ......................................................................................................... 156

Requests for Production, Set Two: Baca , Burns, Cruz 0426................. 157

Requests for Admission, Set One: Baca and Burns 0426...................... 157

    Defendants' Responses ...................................................... 159

    Request For Admission No. 2... ........................................ 161

    Defendants' Responses ...................................................... 163

    Request For Admission No. 3... ........................................ 165

    Defendants' Responses (Baca)........................................... 168

    Defendants' Responses (Burns) ........................................ 170

    Request For Admission No. 4... ........................................ 174

    Defendants' Responses ...................................................... 176

**JOINT STIPULATION PERTAINING TO DISCOVERY
DISPUTES**

Request For Admission No. 5 &6 (Baca)... ................................. 178-180

Defendants' Responses (Baca)........................................... 182

Request For Admission No. 7 (Baca)........................................ 184

Defendants' Responses (Baca)........................................... 186

Request For Admission No. 8 (Baca)........................................ 188

Defendants' Responses (Baca)........................................... 191

Request For Admission No. 9 (Baca)........................................ 193

Defendants' Responses (Baca)........................................... 195

Request For Admission No. 10 (Baca)....................................... 197

Defendants' Responses (Baca)........................................... 200

Request For Admission No. 11 ( Baca)...................................... 202

Defendants' Responses (Baca)........................................... 204

IV.  County of Los Angeles ................................................ 206

Request For Production No. 12... .................................... 206

Defendants' Responses ................................................ 212

Request For Production No. 13... .................................... 214

Defendants' Responses ................................................ 219

Request For Production Set Two 15-22. Set Three, All, Set Four All,

Set Five All................................................................ 237

Request For Production No. 23... .................................... 251

Defendants' Responses ................................................ 252

Request For Production No. 25... .................................... 252

Defendants' Responses ................................................ 253

Request For Production No. 26... .................................... 253

Defendants' Responses ................................................ 254

Request For Production No. 32... .................................... 259

Defendants' Responses ................................................ 260

**JOINT STIPULATION PERTAINING TO DISCOVERY DISPUTES**

1

Request For Production No. 33... ............................................................. 260

Defendants' Responses ...................................................... 261

Request For Production No. 35... ............................................................. 262

Defendants' Responses ...................................................... 262

Request For Production No. 36... ............................................................. 262

Defendants' Responses ...................................................... 263

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13-CV-03401-JFW-SSx

**JOINT STIPULATION PERTAINING TO DISCOVERY DISPUTES**

## I.    Introductory Statement by Plaintiff:

The party seeking to compel discovery has the burden of establishing that its request satisfies relevancy requirements, the party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence. *La. Pac. Corp. v. Money Mkt. 1 Inst'l Inv. Dealer,* 285 F.R.D. 481, 485 (N.D.Cal.2012) (citations omitted); see also *Oakes v. Halvorsen Mar. Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal.1998) (citation omitted). *Lofton v. Verizon Wireless* (VAW) LLC, 308 F.R.D. 276, 28068 (N.D. Cal. 2015). In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence. See *DIRECTV*, *Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002). *Louisiana Pacific Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Nestle Foods Corp. v. Aetna Casualty & Surety Co.,* 135 F.R.D. 101, 104 (D.N.J.1990). *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D. Cal. 1998)

Requests for admissions require more than a mere procedural exercise requiring minimally acceptable conduct. Parties should focus on the goal of the Rules, full and efficient discovery, and not evasion and word play. *Marchand v. Mercy Medical Center,* 22 F.3d 993, 936-37 (9th Cir. 1994).

Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have been dismissed from this case; they have not. Defendant have stated that Defendant Cavanaugh is now deceased. His estate must be substituted into this case under Fed. R. Civ. P. 25. Defendantsø claim that they have been dismissed is meritless.

A responding party who objects must do so with specificity. Fed. R.Civ. P

36(a)(5). Boilerplate objections are not adequate. *Thompson v. Yates*, 2011 WL 5975469, at *3 (E.D. Cal. Nov. 29, 2011) ("The Court declines to consider objections raised in boilerplate language."); *Anderson v. Hansen*, 2012 WL 4049979, at *8 (E.D. Cal Nov. 29, 2011) ("Defendant's boilerplate objections are unsupported and overruled in their entirety. A defendant must "clarify[ ], explain[ ], and support[ ] its objections." *El-Shaddai* [*v. Wheeler*], 2009 WL 301824 at *2 [(E.D. Cal. 2009)]. "The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and as with other forms of discovery, it is well established that boilerplate objections do not suffice, e.g., *Thompson v. Yates*, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011)."); See also *Gurshin v. Bank of America National Association*, 2017 WL 68650 at *4 (D. Nev., No. 2:15-CV-323-GMN-VCF, Jan. 5, 2017) (internal citations omitted.) ("Bank of America provided a list of boilerplate objections such as vague and ambiguous and unduly burdensome. Critically, the bank did not admit, deny, or explain why it could not admit or deny each request. Since Bank of America has not stated a valid objection nor provided a proper response, the aforementioned requests are deemed admitted.")

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections. In our meet and confers, and now in this document, Plaintiff requests responses to Interrogatories without objections. In our meet and confers, and now in this document, Plaintiff requests production of documents and a response specifically stating whether documents have been produced, and if so, the specific identification of the document, and whether there are any documents being withheld.

**Introductory Statement by Defendants**

Plaintiff's joint stipulation, well over 250 pages, is moot as to Defendants County of Los Angeles ("County") and Deputies Kerfoot and Owens, as they have provided supplemental responses, and premature as to the Supervisor

Defendants, as the motion to clarify whether they are Parties and, if they are, if discovery is stayed, is pending.  These issues are clear, but inexplicably missing from Plaintiff's portion of this motion.

Following the Parties meet and confer efforts and the subsequent informal discovery conferences with the Court, Defendants County, Kerfoot and Owens' supplemental responses were served on the agreed upon dates: June 9, 2017 (Supplemental Requests for Admission responses from Defendants Kerfoot and Owens[1] - collectively as Exhibit "A" to Declaration of Arnold F. Lee ("Lee Decl.") at ¶ 3), June 15, 2017 (Supplemental Requests for Production responses from Defendant County of Los Angeles – collectively as Exhibit "B" to Lee Decl. at ¶ 4), and June 16, 2017 (supplemental Requests for Production responses from Defendants Kerfoot and Owens – collectively as Exhibit "C" to Lee Decl. at ¶ 5).

Setting aside the fact that the motion is either moot or premature, for unknown tactical reasons, Plaintiff has chosen to move to compel on nearly *all* of the discovery served on Defendants and the dismissed Supervisor Defendants with little to no effort to narrow the real issues of dispute as required by Local Rule 37-1.  L.R. 37-1(requires the parties to "confer in good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible").  Navigating through much of Plaintiff's boilerplate

---

[1] These supplemental responses were provided following Plaintiff's re-serving of his Request for Admissions to Defendants Kerfoot and Owens with correct numbering as required under Local Rule 36-1, as agreed upon following the Parties Local Rule 37-1 meet and confer on May 25, 2017.  In the instant joint stipulation, however, Plaintiff is moving to compel based on the initial requests that he served in violation of Local Rule 36-1.  It is apparent that despite Plaintiff's representation that he provided renumbered Requests for Admissions, *see* Sec. II below, he is ignoring the supplemental responses timely provided by Defendants and moving to compel on the initial responses and objections.  Consequently, Plaintiff's motion to compel as to these responses should be denied.

1   arguments, a closer reading of each of Plaintiff's arguments reveals that his

2   primary request is for an order that Defendants serve responses without

3   objections.  There is simply no authority for this demand.  *See* Fed.R.Civ.P. Rules

4   33(a)(b)(4); 34(b)(2)(C); 36(a)(5).  In addition, Defendants have already

5   supplemented responses to Plaintiff's Requests for Production in compliance with

6   the Federal Rules of Civil Procedure to remove ambiguity as to whether

7   Defendants are withholding any responsive documents.

8         Finally, during the June 2, 2017 informal discovery conference, with

9   respect to the discovery requests to the Individual Supervisor Defendants (Baca,

10  Cavanaugh, Cruz, and Burns), this Court mentioned that after discussion with the

11  District Court, generally supervisor liability and *Monell* claims are bifurcated and

12  the discovery is stayed pending the outcome of the liability phase regarding the

13  underlying use of force.  Instead of taking heed of this advice, Plaintiff attempts

14  to jump the queue and sought this joint stipulation prior to the outcome of the

15  hearing before the District Court as to the status of the Supervisor Defendants.

16        Plaintiff's Motion for Clarification regarding the Individual Supervisor

17  Defendants ("Motion") is set for hearing on July 3, 2017 (Dkt. Nos. 216; 220).

18  Pending the outcome of the District Court's ruling, the motion to compel as to the

19  Individual Supervisor Defendants is premature and may become unnecessary.

20  Following this Court's statements during the discovery conference, Defendants

21  have requested that in the interest of judicial and party economy that the *Monell*

22  and supervisor liability claims be bifurcated at trial and discovery stayed pending

23  resolution of the liability phase against Defendants Kerfoot and Owens.

24        On June 19, 2017, Defendants' counsel sent Plaintiff's attorney an email

25  requesting the withdrawal of the instant motion and joint stipulation due to the

26  timely served supplemental discovery responses and regarding the impact of

27  Plaintiff's Motion for clarification, which renders the instant joint stipulation

28

moot and premature, respectively.  Lee Decl. at ¶ 6.  Plaintiff's attorney refused to withdraw this motion. Lee Decl. at ¶ 6.

**II. Deputies Kerfoot and Owens**

Plaintiff has already provided to the Defendants re-numbered Requests for Admission to comply with L.R. 36.

**Requests for Admission, Set One Kerfoot and Owens 0503**

REQUEST FOR ADMISSION NO. 2:

I, Matthew Kerfoot, cannot recall clearly the entirety of my interaction with Eric White on May 13, 2009. Substitute Kasey Owens for Matthew Kerfoot.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Objection: vague and ambiguous as to the term "clearly" and "entirety," and "interaction." Without waiving the foregoing objection, Defendant responds: Responding party recalls Plaintiff Eric White attacking me and other deputies.

**PLAINTIFF'S ARGUMENT FOR DISCLOSURE**

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. See Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D., 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v.*

*Denny's Inc.,* 192 F.R.D. 675, 694 (D.Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANT'S RESPONSE**

From what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

**Requests for Admission, Set Three Kerfoot and Owens 0509**

REQUEST FOR ADMISSION NO. 2:

In the Los Angeles County Sheriff's Department, issuing oral commands is a preferred prior alternative to using oleoresin capsicum ("OC") spray against an inmate.

*Kerfoot*

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Objections: Overbroad in scope and in time; compound; vague and ambiguous; calls for an expert opinion; lacks foundation; calls for speculation; not reasonably calculated to lead to the discovery of admissible evidence; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

Without waiving the foregoing objections and subject thereto, Defendant responds as follows: Defendant admits the Los Angeles County Sheriff's

1  Department maintains extensive policies and procedures that govern the use of

2  force in the Los Angeles County jails.

3  PLAINTIFFøS ARGUMENT FOR DISCLOSURE

4      This admission is non-responsive. An admission, denial or specific reason

5  why, at minimum, a qualified answer has not been provided must be provided.

6  See Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

7  request for admission imprecise, he should set forth a qualified answer that fairly

8  meets the substance of the request.ö *House v. Giant of Md., LLC*, 232 F.R.D, 257,

9  262 (E.D. Va. 2005). You must admit, deny or explain why a request or

10  interrogatory is considered vague and ambiguous and answer to the fullest extent

11  possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

12  Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö

13  unless so ambiguous that the responding party cannot, in good faith, frame an

14  intelligent reply. Parties should õadmit to the fullest extent possible, and explain

15  in detail why other portions of a request may not be admitted.ö); *McCoo v.*

16  *Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to

17  discovery as vague or ambiguous has the burden to show such vagueness or

18  ambiguity.ö

19      Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466,

20  490 (2014) (õA party resisting discovery must show specifically how each request

21  is overly broad, unduly burdensome, or oppressive.ö).

22      You must explain why the request or interrogatory calls for speculation.

23  U.S. ex rel. Englund at 684 (õA party may not avoid responding based on

24  technicalitiesö).

25      These requests for admission are asking for a response with regard to the

26  defendantsø knowledge and therefore are not asking for a speculative answer.

27  If claiming a request or interrogatory is compound, you must explain why and

28  provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

1   avoid responding based on technicalities"). Phrases narrowing the subject matter

2   of the admission do not create a compound request. The explanatory phrases are

3   necessary to limit the scope of the request and keep it from being ambiguous.

4   　　　These requests and interrogatories are relevant to the case at hand. *U.S. ex*

5   *rel. Englund* at 684 ("A party may not avoid responding based on technicalities");

6   *Heller* at 489 ("That a requested document or information will not be admissible

7   or relevant to the merits of a claim or defense is not a proper objection to

8   discovery of the document or information under the Federal Rules if the

9   discovery request is reasonably calculated to lead to the discovery of admissible

10   evidence.")

11   　　　In our meet and confers, and now in this document, Plaintiff requests

12   responses to RFAs without objections.

13   　　　**DEFENDANTS' RESPONSE**

14   　　　As the request seeks a policy and procedure determination "In the Los

15   Angeles County Sheriff's Department" and what is "preferred" within the

16   department, an expert opinion or person most knowledgeable is required.  In

17   addition, from what can be discerned, Plaintiff is moving to compel Defendants to

18   respond without objections.  There is simply no authority for this argument,

19   especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P.

20   Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be

21   denied.

22

23   　　　*Owens*

24   RESPONSE TO REQUEST FOR ADMISSION NO. 2:

25   Objections: Overbroad in scope and in time; compound; vague and ambiguous;

26   calls for an expert opinion; lacks foundation; calls for speculation; not reasonably

27   calculated to lead to the discovery of admissible evidence; duplicative; not in

28   compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential

1  order without repeating numbers from prior sets.

2      Without waiving the foregoing objections and subject thereto, Defendant

3  responds as follows: Defendant admits the Los Angeles County Sheriff's

4  Department maintains extensive policies and procedures that govern the use of

5  force in the Los Angeles County jails.

6  <u>PLAINTIFF∅S ARGUMENT FOR DISCLOSURE</u>

7      This admission is non-responsive. An admission, denial or specific reason

8  why, at minimum, a qualified answer has not been provided must be provided.

9  See Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

10  request for admission imprecise, he should set forth a qualified answer that fairly

11  meets the substance of the request.ö *House v. Giant of Md., LLC*, 232 F.R.D, 257,

12  262 (E.D. Va. 2005). You must admit, deny or explain why a request or

13  interrogatory is considered vague and ambiguous and answer to the fullest extent

14  possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

15  Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö

16  unless so ambiguous that the responding party cannot, in good faith, frame an

17  intelligent reply. Parties should õadmit to the fullest extent possible, and explain

18  in detail why other portions of a request may not be admitted.ö); *McCoo v.*

19  *Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to

20  discovery as vague or ambiguous has the burden to show such vagueness or

21  ambiguity.ö

22      Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466,

23  490 (2014) (õA party resisting discovery must show specifically how each request

24  is overly broad, unduly burdensome, or oppressive.ö).

25      You must explain why the request or interrogatory calls for speculation.

26  U.S. ex rel. *Englund* at 684 (õA party may not avoid responding based on

27  technicalitiesö). These requests for admission are asking for a response with

28  regard to the defendants∅ knowledge and therefore are not asking for a speculative

answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous. These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö)

No expert opinion is required.

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSE**

As the request seeks a policy and procedure determination õIn the Los Angeles County Sherifføs Departmentö and what is õpreferredö within the department, an expert opinion or person most knowledgeable is required.  In addition, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response. *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

REQUEST FOR ADMISSION NO. 3:

In the Los Angeles County Sheriff's Department, using OC spray is a preferred prior alternative to using physical force against an inmate.

*Kerfoot*

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 3:</u>

Objections: overbroad in scope and in time; compound; vague and ambiguous; calls for an expert opinion; lacks foundation; calls for speculation; not reasonably calculated to lead to the discovery of admissible evidence; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

Without waiving the foregoing objections and subject thereto, Defendant responds as follows: Defendant admits the Los Angeles County Sheriff's Department maintains extensive policies and procedures that govern the use of force in the Los Angeles County jails.

<u>PLAINTIFF'S ARGUMENT FOR DISCLOSURE</u>

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. See Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

**2:13-cv-03401-JFW-SSx**   **13**

1    Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466,

2    490 (2014) ("A party resisting discovery must show specifically how each request

3    is overly broad, unduly burdensome, or oppressive.").

4    You must explain why the request or interrogatory calls for speculation.

5    U.S. ex rel. Englund at 684 ("A party may not avoid responding based on

6    technicalities").

7    These requests for admission are asking for a response with regard to the

8    defendants' knowledge and therefore are not asking for a speculative answer.

9    If claiming a request or interrogatory is compound, you must explain why and

10   provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not

11   avoid responding based on technicalities"). Phrases narrowing the subject matter

12   of the admission do not create a compound request. The explanatory phrases are

13   necessary to limit the scope of the request and keep it from being ambiguous.

14   These requests and interrogatories are relevant to the case at hand. *U.S. ex*

15   *rel. Englund* at 684 ("A party may not avoid responding based on technicalities");

16   *Heller* at 489 ("That a requested document or information will not be admissible

17   or relevant to the merits of a claim or defense is not a proper objection to

18   discovery of the document or information under the Federal Rules if the

19   discovery request is reasonably calculated to lead to the discovery of admissible

20   evidence.")

21   No expert opinion is required.

22   In our meet and confers, and now in this document, Plaintiff requests responses to

23   RFAs without objections.

24   **DEFENDANTS' RESPONSE**

25   As the request seeks a policy and procedure determination "In the Los

26   Angeles County Sheriff's Department" and what is "preferred" within the

27   department, an expert opinion or person most knowledgeable is required.  In

28   addition, from what can be discerned, Plaintiff is moving to compel Defendants to

1   respond without objections.  There is simply no authority for this argument,

2   especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P.

3   Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be

4   denied.

5

6        *Owens*

7   RESPONSE TO REQUEST FOR ADMISSION NO. 3:

8        Objections: overbroad in scope and in time; compound; vague and

9   ambiguous; calls for an expert opinion; lacks foundation; calls for speculation;

10  not reasonably calculated to lead to the discovery of admissible evidence;

11  duplicative; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not

12  in sequential order without repeating numbers from prior sets.

13       Without waiving the foregoing objections and subject thereto, Defendant

14  responds as follows: Defendant admits the Los Angeles County Sheriff's

15  Department maintains extensive policies and procedures that govern the use of

16  force in the Los Angeles County jails.

17  PLAINTIFF'S ARGUMENT FOR DISCLOSURE

18       This admission is non-responsive. An admission, denial or specific reason

19  why, at minimum, a qualified answer has not been provided must be provided.

20  *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a

21  request for admission imprecise, he should set forth a qualified answer that fairly

22  meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D, 257,

23  262 (E.D. Va. 2005). You must admit, deny or explain why a request or

24  interrogatory is considered vague and ambiguous and answer to the fullest extent

25  possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

26  Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous"

27  unless so ambiguous that the responding party cannot, in good faith, frame an

28  intelligent reply. Parties should "admit to the fullest extent possible, and explain

in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous. These requests and interrogatories are relevant to the case at hand. U.*S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö)

No expert opinion is required.

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSE**

As the request seeks a policy and procedure determination õIn the Los Angeles County Sheriff's Departmentö and what is õpreferredö within the department, an expert opinion or person most knowledgeable is required.  In addition, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23        *Kerfoot*

24    REQUEST FOR ADMISSION NO. 6:

25        On May 13, 2009, my radio with lapel microphone was readily accessible

26    to me, Matthew Kerfoot, during the force incident.

27    RESPONSE TO REQUEST FOR ADMISSION NO. 6:

28        Objections: vague and ambiguous as to "readily accessible" and "the force

incident"; overbroad as to scope; assumes facts not in evidence; lacks foundation; calls for speculation; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF⍦S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. See Fed. R.Civ. P. 36(a)(4); ⍥If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.⍥ *House v. Giant of Md., LLC*, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County,* 235 F.R.D. 675, 685 (E.D. Cal. 2006) (⍥[I]t is not ground for objection that the request is ⍥ambiguous⍥ unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should ⍥admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.⍥); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (⍥The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.⍥

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) (⍥A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.⍥).

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 (⍥A party may not avoid responding based on technicalities⍥).

These requests for admission are asking for a response with regard to the defendants⍦ knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and

1  provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

2  avoid responding based on technicalitiesö). Phrases narrowing the subject matter

3  of the admission do not create a compound request. The explanatory phrases are

4  necessary to limit the scope of the request and keep it from being ambiguous.

5  These requests and interrogatories are relevant to the case at hand. *U.S. ex*

6  *rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

7  *Heller* at 489 (õThat a requested document or information will not be admissible

8  or relevant to the merits of a claim or defense is not a proper objection to

9  discovery of the document or information under the Federal Rules if the

10  discovery request is reasonably calculated to lead to the discovery of admissible

11  evidence.ö) In our meet and confers, and now in this document, Plaintiff requests

12  responses to RFAs without objections.

13  **DEFENDANTS' RESPONSE**

14  This request is identical to Plaintifføs Request renumbered as No. 9, which

15  has been supplemented by Defendants on May 9, 2017 as follows:

16  Objections:  vague and ambiguous as to õreadily accessibleö and õthe force

17  incidentö; lacks foundation.  Without waiving the foregoing objections and subject

18  thereto, Defendant responds as follows:  Defendant had a radio on his person.

19  Moreover, from what can be discerned, Plaintiff is moving to compel

20  Defendants to respond without objections.  There is simply no authority for this

21  argument, especially when Defendants provided a qualified response.  *See*

22  Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request

23  should be denied.

24

25  *Owens*

26  REQUEST FOR ADMISSION NO. 6:

27

28

On May 13, 2009, my radio with lapel microphone was readily accessible to me, as I, Kasey Owens, approached Eric White and Deputy Kerfoot during the force incident.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Objections: vague and ambiguous as to "readily accessible" and "the force incident"; assumes facts not in evidence; lacks foundation; calls for speculation; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF̕S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); ̃If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.̈ *House v. Giant of Md., LLC*, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (̃[I]t is not ground for objection that the request is ̃ambiguous̈ unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should ̃admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.̈); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (̃The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.̈

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) (̃A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.̈).

1   You must explain why the request or interrogatory calls for speculation.
2   *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on
3   technicalitiesö).

4   These requests for admission are asking for a response with regard to the
5   defendantsø knowledge and therefore are not asking for a speculative answer. If
6   claiming a request or interrogatory is compound, you must explain why and
7   provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not
8   avoid responding based on technicalitiesö). Phrases narrowing the subject matter
9   of the admission do not create a compound request. The explanatory phrases are
10   necessary to limit the scope of the request and keep it from being ambiguous.

11   These requests and interrogatories are relevant to the case at hand. *U.S. ex*
12   *rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);
13   *Heller* at 489 (õThat a requested document or information will not be admissible
14   or relevant to the merits of a claim or defense is not a proper objection to
15   discovery of the document or information under the Federal Rules if the
16   discovery request is reasonably calculated to lead to the discovery of admissible
17   evidence.ö)

18   In our meet and confers, and now in this document, Plaintiff requests
19   responses to RFAs without objections.

20   **DEFENDANTS' RESPONSE**

21   This request is identical to Plaintifføs Request renumbered as No. 9, which
22   has been supplemented by Defendants on May 9, 2017 as follows:

23   Objections:  vague and ambiguous as to õreadily accessibleö and õthe force
24   incidentö; lacks foundation.  Without waiving the foregoing objections and subject
25   thereto, Defendant responds as follows:  Defendant had a radio on his person.

26   Moreover, from what can be discerned, Plaintiff is moving to compel
27   Defendants to respond without objections.  There is simply no authority for this
28   argument, especially when Defendants provided a qualified response.  *See*

1   Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request

2   should be denied.

3

4   REQUEST FOR ADMISSION NO. 7:

5   On May 13, 2009, during the force incident, I, Matthew Kerfoot, did not attempt

6   to use my radio. Substitute Kasey Owens for Matthew Kerfoot.

7       *Kerfoot*

8   RESPONSE TO REQUEST FOR ADMISSION NO. 7:

9       Objections: vague and ambiguous; overbroad as to time; lacks foundation;

10  calls for speculation; assumes facts not in evidence; not in compliance with C.D.

11  Cal. Local Rule 36-1, as requests are not in sequential order without repeating

12  numbers from prior sets.

13  PLAINTIFF'S ARGUMENT FOR DISCLOSURE

14      This admission is non-responsive. An admission, denial or specific reason

15  why, at minimum, a qualified answer has not been provided must be provided.

16  *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a

17  request for admission imprecise, he should set forth a qualified answer that fairly

18  meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D, 257,

19  262 (E.D. Va. 2005). You must admit, deny or explain why a request or

20  interrogatory is considered vague and ambiguous and answer to the fullest extent

21  possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

22  Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous"

23  unless so ambiguous that the responding party cannot, in good faith, frame an

24  intelligent reply. Parties should "admit to the fullest extent possible, and explain

25  in detail why other portions of a request may not be admitted."); *McCoo v.*

26  *Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to

27  discovery as vague or ambiguous has the burden to show such vagueness or

28  ambiguity."

WHITE#2        **2:13-cv-03401-JFW-SSx**        **30**

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"); *Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.")

No expert opinion is required.

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSE**

This request is identical to Plaintiff's Request renumbered as No. 10, which has been supplemented by Defendants on May 9, 2017 as follows:

1      Objections:  vague and ambiguous as to "the force incident" and time; lacks

2  foundation.  Without waiving the foregoing objections and subject thereto,

3  Defendant responds as follows:  Defendant did not have time to use the radio.

4      Moreover, from what can be discerned, Plaintiff is moving to compel

5  Defendants to respond without objections.  There is simply no authority for this

6  argument, especially when Defendants provided a qualified response.  *See*

7  Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request

8  should be denied.

9

10     *Owens*

11  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 7:</u>

12      Objections: vague and ambiguous; lacks foundation; calls for speculation;

13  not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in

14  sequential order without repeating numbers from prior sets.

15  <u>PLAINTIFF'S ARGUMENT FOR DISCLOSURE</u>

16      This admission is non-responsive. An admission, denial or specific reason

17  why, at minimum, a qualified answer has not been provided must be provided.

18  *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a

19  request for admission imprecise, he should set forth a qualified answer that fairly

20  meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D, 257,

21  262 (E.D. Va. 2005). You must admit, deny or explain why a request or

22  interrogatory is considered vague and ambiguous and answer to the fullest extent

23  possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

24  Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous"

25  unless so ambiguous that the responding party cannot, in good faith, frame an

26  intelligent reply. Parties should "admit to the fullest extent possible, and explain

27  in detail why other portions of a request may not be admitted."); *McCoo v.*

28  *Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to

discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSE**

This request is identical to Plaintifføs Request renumbered as No. 10, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections:  vague and ambiguous as to õthe force incidentö and time; lacks foundation.  Without waiving the foregoing objections and subject thereto, Defendant responds as follows:  Defendant did not have time to use the radio.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

**Requests for Admission, Set Four Kerfoot and Owens 0509**

20 REQUEST FOR ADMISSION NO. 1: *Request worded same for both Kerfoot*

21 *and Owens*

22      On May 13, 2009, prior to the force incident, Eric White was completely

23 compliant with instructions given to him by me, Matthew Kerfoot.

24      *Owens*

25 RESPONSE TO REQUEST FOR ADMISSION NO. 1:

26      Objections: vague and ambiguous as to time and as to "completely

27 compliant"; lacks personal knowledge; calls for speculation; lacks foundation;

28

1   overbroad in time and scope; not in compliance with C.D. Cal. Local Rule 36-1,

2   as requests are not in sequential order without repeating numbers from prior sets.

3   PLAINTIFF∅S ARGUMENT FOR DISCLOSURE

4        This admission is non-responsive. An admission, denial or specific reason

5   why, at minimum, a qualified answer has not been provided must be provided.

6   *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

7   request for admission imprecise, he should set forth a qualified answer that fairly

8   meets the substance of the request.ö *House v. Giant of Md., LLC*, 232 F.R.D, 257,

9   262 (E.D. Va. 2005). You must admit, deny or explain why a request or

10   interrogatory is considered vague and ambiguous and answer to the fullest extent

11   possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

12   Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö

13   unless so ambiguous that the responding party cannot, in good faith, frame an

14   intelligent reply. Parties should õadmit to the fullest extent possible, and explain

15   in detail why other portions of a request may not be admitted.ö); *McCoo v.*

16   *Denny's Inc*., 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to

17   discovery as vague or ambiguous has the burden to show such vagueness or

18   ambiguity.ö

19        Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466,

20   490 (2014) (õA party resisting discovery must show specifically how each request

21   is overly broad, unduly burdensome, or oppressive.ö).

22        You must explain why the request or interrogatory calls for speculation.

23   *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on

24   technicalitiesö).

25        These requests for admission are asking for a response with regard to the

26   defendants∅ knowledge and therefore are not asking for a speculative answer. If

27   claiming a request or interrogatory is compound, you must explain why and

28   provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

1  avoid responding based on technicalitiesö). Phrases narrowing the subject matter

2  of the admission do not create a compound request. The explanatory phrases are

3  necessary to limit the scope of the request and keep it from being ambiguous.

4       These requests and interrogatories are relevant to the case at hand. *U.S. ex*

5  *rel. Englund* at 684 (öA party may not avoid responding based on technicalitiesö);

6  *Heller* at 489 (öThat a requested document or information will not be admissible

7  or relevant to the merits of a claim or defense is not a proper objection to

8  discovery of the document or information under the Federal Rules if the

9  discovery request is reasonably calculated to lead to the discovery of admissible

10 evidence.ö)

11      In our meet and confers, and now in this document, Plaintiff requests

12 responses to RFAs without objections.

13      **DEFENDANTS' RESPONSE**

14      This request is in violation of L.R. 36-1 and identical to Plaintifføs Request

15 renumbered as No. 12, which has been supplemented by Defendant Kerfoot and

16 Owen on May 9, 2017 as follows:

17      Objections: vague and ambiguous as to time and as to öcompletely

18 compliantö; calls for speculation.  Without waiving the foregoing objections and

19 subject thereto, Defendant responds as follows: Deny.

20       Moreover, from what can be discerned, Plaintiff is moving to compel

21 Defendants to respond without objections.  There is simply no authority for this

22 argument, especially when Defendants provided a response.  *See* Fed.R.Civ.P.

23 Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be

24 denied.

25

26

27

28

1

2

3

4

5

6

7   REQUEST FOR ADMISSION NO. 3:

8       On May 13, 2009, Eric White had a right to know where he was being

9   taken by me, Matthew Kerfoot, as I led him through the Module 2500-2700

10   corridor. Owens admission: On May 13, 2009, Eric White had a right to know

11   where he was being taken by Deputy Kerfoot, as Deputy Kerfoot led him through

12   the Module 2500-2700 corridor.

13   RESPONSE TO REQUEST FOR ADMISSION NO. 3:

14       Objections: vague and ambiguous as to time; argumentative; calls for

15   speculation; lacks foundation; overbroad in time and scope; relevance; not

16   reasonably calculated to lead to admissible evidence; not in compliance with C.D.

17   Cal. Local Rule 36-1, as requests are not in sequential order without repeating

18   numbers from prior sets.

19

20   PLAINTIFF∉S ARGUMENT FOR DISCLOSURE

21       This admission is non-responsive. An admission, denial or specific reason

22   why, at minimum, a qualified answer has not been provided must be provided.

23   *See* Fed. R.Civ. P. 36(a)(4); ōIf the responding party finds the wording of a

24   request for admission imprecise, he should set forth a qualified answer that fairly

25   meets the substance of the request.ö *House v. Giant of Md., LLC*, 232 F.R.D, 257,

26   262 (E.D. Va. 2005). You must admit, deny or explain why a request or

27   interrogatory is considered vague and ambiguous and answer to the fullest extent

28   possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö)

A claim that the request or interrogatory is argumentative must have explanation or qualification. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities").

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSE**

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 14, which has been supplemented by Defendants Kerfoot and Owens on May 9, 2017 as follows:

Objections: vague and ambiguous as to time; argumentative.  Without waiving the foregoing objections and subject thereto, Defendant responds: Deny.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.


REQUEST FOR ADMISSION NO. 4:

On May 13, 2009, Eric White did not create a serious risk to the security of Module 2500-2700.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Objections: vague and ambiguous as to time, as to "serious risk", and as to "the security of Module 2500-2700"; argumentative; calls for speculation; lacks foundation; overbroad in time and scope; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason

why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.*"); McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. U.*S. ex rel. Englund* at 684 (ÒA party may not avoid responding based on technicalitiesÓ); *Heller* at 489 (ÒThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.Ó)

A claim that the request or interrogatory is argumentative must have explanation or qualification. *U.S. ex rel. Englund* at 684 (ÒA party may not avoid responding based on technicalitiesÓ)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSE**

This request is in violation of L.R. 36-1 and identical to Plaintiff¢s Request renumbered as No. 15, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to time, as to Òserious riskÓ, and as to Òthe security of Module 2500-2700Ó; argumentative.  Without waiving the foregoing objections and subject thereto, Defendant responds: Deny.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

REQUEST FOR ADMISSION NO. 5:

On May 13, 2009, during the force incident, I, Matthew Kerfoot, was not in

1    fear for the personal safety of any inmate. Substitute Kasey Owens for Matthew

2       *Kerfoot.*

3    RESPONSE TO REQUEST FOR ADMISSION NO. 5:

4       Objections: vague and ambiguous as to "personal safety"; calls for

5    speculation; lacks foundation; overbroad in time and scope; not in compliance

6    with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without

7    repeating numbers from prior sets.

8    PLAINTIFF*S ARGUMENT FOR DISCLOSURE

9       This admission is non-responsive. An admission, denial or specific reason

10   why, at minimum, a qualified answer has not been provided must be provided.

11   *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

12   request for admission imprecise, he should set forth a qualified answer that fairly

13   meets the substance of the request.ö *House v. Giant of Md., LLC*, 232 F.R.D, 257,

14   262 (E.D. Va. 2005). You must admit, deny or explain why a request or

15   interrogatory is considered vague and ambiguous and answer to the fullest extent

16   possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

17   Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö

18   unless so ambiguous that the responding party cannot, in good faith, frame an

19   intelligent reply. Parties should õadmit to the fullest extent possible, and explain

20   in detail why other portions of a request may not be admitted.ö); *McCoo v.*

21   *Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to

22   discovery as vague or ambiguous has the burden to show such vagueness or

23   ambiguity.ö

24      Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466,

25   490 (2014) (õA party resisting discovery must show specifically how each request

26   is overly broad, unduly burdensome, or oppressive.ö).

27

28

1   You must explain why the request or interrogatory calls for speculation.

2   *U.S. ex rel. Englund* at 684 (ẟA party may not avoid responding based on

3   technicalitiesẟ).

4   These requests for admission are asking for a response with regard to the

5   defendantsø knowledge and therefore are not asking for a speculative answer.

6   If claiming a request or interrogatory is compound, you must explain why and

7   provide an answer as possible. *U.S. ex rel. Englund* at 684 (ẟA party may not

8   avoid responding based on technicalitiesẟ). Phrases narrowing the subject matter

9   of the admission do not create a compound request. The explanatory phrases are

10  necessary to limit the scope of the request and keep it from being ambiguous.

11  These requests and interrogatories are relevant to the case at hand. *U.S. ex*

12  *rel. Englund* at 684 (ẟA party may not avoid responding based on technicalitiesẟ);

13  *Heller* at 489 (ẟThat a requested document or information will not be admissible

14  or relevant to the merits of a claim or defense is not a proper objection to

15  discovery of the document or information under the Federal Rules if the

16  discovery request is reasonably calculated to lead to the discovery of admissible

17  evidence.ẟ)

18  In our meet and confers, and now in this document, Plaintiff requests

19  responses to RFAs without objections.

20  **DEFENDANTS' RESPONSE**

21  This request is in violation of L.R. 36-1 and identical to Plaintifføs Request

22  renumbered as No. 16, which has been supplemented by Defendants on May 9,

23  2017 as follows:

24  Objections: vague and ambiguous as to ẟpersonal safetyẟ; calls for

25  speculation; lacks foundation; overbroad in time and scope.  Without waiving the

26  foregoing objections and subject thereto, Defendant responds: Deny.

27  Moreover, from what can be discerned, Plaintiff is moving to compel

28  Defendants to respond without objections.  There is simply no authority for this

1   argument, especially when Defendants provided a response.  *See* Fed.R.Civ.P.

2   Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be

3   denied.

4

5   REQUEST FOR ADMISSION NO. 6:

6       On May 13, 2009, during the force incident, Eric White used no weapon or

7   object against any deputy.

8   RESPONSE TO REQUEST FOR ADMISSION NO. 6:

9       Objections: vague and ambiguous as to "weapon" and "object"; calls for

10  speculation; lacks foundation; overbroad in time and scope; relevance; not

11  reasonably calculated to lead to admissible evidence; not in compliance with C.D.

12  Cal. Local Rule 36-1, as requests are not in sequential order without repeating

13  numbers from prior sets.

14  PLAINTIFF□S ARGUMENT FOR DISCLOSURE

15      This admission is non-responsive. An admission, denial or specific reason

16  why, at minimum, a qualified answer has not been provided must be provided.

17  *See* Fed. R.Civ. P. 36(a)(4); □If the responding party finds the wording of a

18  request for admission imprecise, he should set forth a qualified answer that fairly

19  meets the substance of the request.□ *House v. Giant of Md., LLC*, 232 F.R.D, 257,

20  262 (E.D. Va. 2005). You must admit, deny or explain why a request or

21  interrogatory is considered vague and ambiguous and answer to the fullest extent

22  possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

23  Cal. 2006) (□[I]t is not ground for objection that the request is □ambiguous□

24  unless so ambiguous that the responding party cannot, in good faith, frame an

25  intelligent reply. Parties should □admit to the fullest extent possible, and explain

26  in detail why other portions of a request may not be admitted.□); *McCoo v.*

27  *Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (□The party objecting to

28

discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"); *Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.")

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

## DEFENDANTS' RESPONSE

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 17, which has been supplemented by Defendants on May 9, 2017 as follows:

1   Objections: vague and ambiguous as to õforce incidentö, õweaponö and

2   õobjectö; calls for speculation; overbroad in time and scope.

3   Without waiving the foregoing objections and subject thereto, Defendant

4   responds:  Deny.  Moreover, from what can be discerned, Plaintiff is moving to

5   compel Defendants to respond without objections.  There is simply no authority

6   for this argument, especially when Defendants provided a response.  *See*

7   Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request

8   should be denied.

9

10  REQUEST FOR ADMISSION NO. 7:

11  On May 13, 2009, during the force incident, I, Matthew Kerfoot, was not in

12  fear for the personal safety of any deputy. Substitute Kasey Owens for Matthew

13  Kerfoot.

14  RESPONSE TO REQUEST FOR ADMISSION NO. 7:

15  Objections: vague and ambiguous as to "personal safety"; calls for

16  speculation; lacks foundation; overbroad in time and scope; not in compliance

17  with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without

18  repeating numbers from prior sets.

19  PLAINTIFF¢S ARGUMENT FOR DISCLOSURE

20  This admission is non-responsive. An admission, denial or specific reason

21  why, at minimum, a qualified answer has not been provided must be provided.

22  *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

23  request for admission imprecise, he should set forth a qualified answer that fairly

24  meets the substance of the request.ö *House v. Giant of Md., LLC*, 232 F.R.D, 257,

25  262 (E.D. Va. 2005). You must admit, deny or explain why a request or

26  interrogatory is considered vague and ambiguous and answer to the fullest extent

27  possible. U.*S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

28  Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö

unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"); *Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.")

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSE**

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 18, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to "force incident" and "personal safety". Without waiving the foregoing objections and subject thereto, Defendant responds: Deny.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections. There is simply no authority for this argument, especially when Defendants provided a response. *See* Fed.R.Civ.P. Rule 36(a)(5). Accordingly, the motion to compel as to this request should be denied.

REQUEST FOR ADMISSION NO. 8:

On May 13, 2009, during the force incident, I, Matthew Kerfoot, was not in fear for my personal safety. Substitute Kasey Owens for Matthew Kerfoot.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Objections: vague and ambiguous as to "personal safety"; lacks foundation; overbroad in time and scope; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent

possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer.

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSE**

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 19, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to "personal safety"; lacks foundation; overbroad in time and scope.  Without waiving the foregoing objections and subject thereto, Defendant responds: Deny.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

REQUEST FOR ADMISSION NO. 9:

I, Matthew Kerfoot, admit that at no time during the force incident on May 13, 2009, did Eric White have control over my movements or actions. *Substitute Kasey Owens for Matthew Kerfoot.*

*Kerfoot*

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Objections: vague and ambiguous as to "control" and "movements or actions"; lacks foundation; overbroad in time and scope; calls for speculation; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided.

1   *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a

2   request for admission imprecise, he should set forth a qualified answer that fairly

3   meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D, 257,

4   262 (E.D. Va. 2005). You must admit, deny or explain why a request or

5   interrogatory is considered vague and ambiguous and answer to the fullest extent

6   possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

7   Cal. 2006) ("[I]t is not ground for objection that the request is 'ambiguous'

8   unless so ambiguous that the responding party cannot, in good faith, frame an

9   intelligent reply. Parties should 'admit to the fullest extent possible, and explain

10  in detail why other portions of a request may not be admitted.'); *McCoo v.

11  Denny's Inc*., 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to

12  discovery as vague or ambiguous has the burden to show such vagueness or

13  ambiguity."

14      Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466,

15  490 (2014) ("A party resisting discovery must show specifically how each request

16  is overly broad, unduly burdensome, or oppressive."). You must explain why the

17  request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 ("A

18  party may not avoid responding based on technicalities"). These requests for

19  admission are asking for a response with regard to the defendants' knowledge and

20  therefore are not asking for a speculative answer. If claiming a request or

21  interrogatory is compound, you must explain why and provide an answer as

22  possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based

23  on technicalities"). Phrases narrowing the subject matter of the admission do not

24  create a compound request. The explanatory phrases are necessary to limit the

25  scope of the request and keep it from being ambiguous. These requests and

26  interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 ("A

27  party may not avoid responding based on technicalities"); *Heller* at 489 ("That a

28  requested document or information will not be admissible or relevant to the

merits of a claim or defense is not a proper objection to discovery of the
document or information under the Federal Rules if the discovery request is
reasonably calculated to lead to the discovery of admissible evidence.ö) In our
meet and confers, and now in this document, Plaintiff requests responses to RFAs
without objections.

**DEFENDANTS' RESPONSE**

This request is in violation of L.R. 36-1 and identical to Plaintifføs Request
renumbered as No. 20, which has been supplemented by Defendants on May 9,
2017 as follows:

Objections: vague and ambiguous as to õcontrolö and õmovements or
actionsö; lacks foundation; overbroad in time and scope.  Without waiving the
foregoing objections and subject thereto, Defendant responds:  Eric White was
combative and used force against me and other deputies.

Moreover, from what can be discerned, Plaintiff is moving to compel
Defendants to respond without objections.  There is simply no authority for this
argument, especially when Defendants provided a qualified response.  *See*
Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request
should be denied.


*Owens*

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Objections: vague and ambiguous as to "control" and "movements or
actions"; lacks foundation; overbroad in time and scope; not in compliance with
C.D. Cal. Local Rule 36-1, as requests are not in sequential order without
repeating numbers from prior sets.

PLAINTIFFøS ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason
why, at minimum, a qualified answer has not been provided must be provided.

*See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc*., 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. U.*S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities");

*Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.")

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

### DEFENDANTS' RESPONSE

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 20, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to "control" and "movements or actions"; lacks foundation; overbroad in time and scope.  Without waiving the foregoing objections and subject thereto, Defendant responds:  Eric White was combative and used force against me and other deputies.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

REQUEST FOR ADMISSION NO. 10:

I, Matthew Kerfoot, admit that on May 13, 2009, during the force incident, Eric White did not overpower me. *Substitute Kasey Owens for Matthew Kerfoot.*
*Kerfoot*
RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Objections: vague and ambiguous as to "overpower"; lacks foundation; overbroad in time and scope; calls for speculation; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer. If

**2:13-cv-03401-JFW-SSx**

1   claiming a request or interrogatory is compound, you must explain why and

2   provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not

3   avoid responding based on technicalities"). Phrases narrowing the subject matter

4   of the admission do not create a compound request. The explanatory phrases are

5   necessary to limit the scope of the request and keep it from being ambiguous.

6       These requests and interrogatories are relevant to the case at hand. *U.S. ex*

7   *rel. Englund* at 684 ("A party may not avoid responding based on technicalities");

8   *Heller* at 489 ("That a requested document or information will not be admissible

9   or relevant to the merits of a claim or defense is not a proper objection to

10  discovery of the document or information under the Federal Rules if the

11  discovery request is reasonably calculated to lead to the discovery of admissible

12  evidence.")

13      In our meet and confers, and now in this document, Plaintiff requests

14  responses to RFAs without objections.

15      **DEFENDANTS' RESPONSE**

16      This request is in violation of L.R. 36-1 and identical to Plaintiff's Request

17  renumbered as No. 21, which has been supplemented by Defendants on May 9,

18  2017 as follows:

19      Objections: vague and ambiguous as to "overpower"; lacks foundation;

20  overbroad in time and scope.  Without waiving the foregoing objections and

21  subject thereto, Defendant responds:  Eric White was combative and used force

22  against me and other deputies.

23      Moreover, from what can be discerned, Plaintiff is moving to compel

24  Defendants to respond without objections.  There is simply no authority for this

25  argument, especially when Defendants provided a qualified response.  *See*

26  Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request

27  should be denied.

28      *Owens*

RESPONSE TO REQUEST FOR ADMISSION NO.10:

Objections: vague and ambiguous as to "overpower"; lacks foundation; overbroad in time and scope; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF′S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md., LLC*, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc*., 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants′ knowledge and therefore are not asking for a speculative answer. If

claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (ôA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (ôA party may not avoid responding based on technicalitiesö); *Heller* at 489 (ôThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSE**

This request is in violation of L.R. 36-1 and identical to Plaintifføs Request renumbered as No. 21, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to ôoverpowerö; lacks foundation; overbroad in time and scope.  Without waiving the foregoing objections and subject thereto, Defendant responds:  Eric White was combative and used force against me and other deputies.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response. *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14

15  REQUEST FOR ADMISSION NO. 3:

16      On May 13, 2009, during the force incident, I, Matthew Kerfoot, punched

17  Eric White repeatedly while he was on the ground.

18  RESPONSE TO REQUEST FOR ADMISSION NO. 3:

19      Objections: vague and ambiguous as to "repeatedly"; lacks foundation;

20  overbroad as to time and scope; argumentative; not in compliance with C.D. Cal.

21  Local Rule 36-1, as requests are not in sequential order without repeating

22  numbers from prior sets.

23  PLAINTIFF∅S ARGUMENT FOR DISCLOSURE

24      This admission is non-responsive. An admission, denial or specific reason

25  why, at minimum, a qualified answer has not been provided must be provided.

26  *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

27  request for admission imprecise, he should set forth a qualified answer that fairly

28  meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257,

262 (E.D.Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous. These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the

1   discovery request is reasonably calculated to lead to the discovery of admissible

2   evidence.ö) A claim that the request or interrogatory is argumentative must have

3   explanation or qualification. *U.S. ex rel. Englund* at 684 (õA party may not avoid

4   responding based on technicalitiesö)

5       In our meet and confers, and now in this document, Plaintiff requests

6   responses to RFAs without objections.

7       **DEFENDANTS' RESPONSES**

8       This request is in violation of L.R. 36-1 and identical to Plaintiffos Request

9   renumbered as No. 30, which has been supplemented by Defendants on May 9,

10  2017 as follows:

11      Objections: vague and ambiguous as to õrepeatedlyö; lacks foundation;

12  overbroad as to time and scope; argumentative.  Without waiving the foregoing

13  objections and subject thereto, Defendant responds as follows:  Responding party

14  recalls using reasonable force in response to Plaintiff Eric Whiteos attack on me

15  and other deputies.

16      Moreover, from what can be discerned, Plaintiff is moving to compel

17  Defendants to respond without objections.  There is simply no authority for this

18  argument, especially when Defendants provided a qualified response.  *See*

19  Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request

20  should be denied

21

22  REQUEST FOR ADMISSION NO. 4:

23      On May 13, 2009, during the force incident, I, Matthew Kerfoot, struck

24  Eric White's legs repeatedly, with my flashlight, while he was on the ground.

25  RESPONSE TO REQUEST FOR ADMISSION NO. 4:

26      Objections: vague and ambiguous as to "repeatedly"; lacks foundation;

27  overbroad as to time and scope; argumentative; relevance; not in compliance with

28

C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF*S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous. These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö) A claim that the request or interrogatory is argumentative must have explanation or qualification. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö) In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

### **DEFENDANTS' RESPONSES**

This request is in violation of L.R. 36-1 and identical to Plaintifføs Request renumbered as No. 31, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to õrepeatedlyö; lacks foundation; overbroad as to time and scope; argumentative.  Without waiving the foregoing objections and subject thereto, Defendant responds as follows:  Responding party recalls using reasonable force in response to Plaintiff Eric Whiteøs attack on me and other deputies.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response. *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

REQUEST FOR ADMISSION NO. 5:

On May 13, 2009, Deputies Erskine, Owens and I, Matthew Kerfoot, were each striking Eric White during the force incident.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Objections: vague and ambiguous as to "striking"; lacks foundation; calls for speculation; overbroad as to time and scope; relevance; not reasonably calculated to lead to the discovery of admissible evidence; compound; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF∅S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

1   You must explain why the request or interrogatory calls for speculation.

2   U.S. ex rel. Englund at 684 (õA party may not avoid responding based on

3   technicalitiesö).

4   These requests for admission are asking for a response with regard to the

5   defendantsø knowledge and therefore are not asking for a speculative answer. If

6   claiming a request or interrogatory is compound, you must explain why and

7   provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

8   avoid responding based on technicalitiesö). Phrases narrowing the subject matter

9   of the admission do not create a compound request. The explanatory phrases are

10  necessary to limit the scope of the request and keep it from being ambiguous.

11  These requests and interrogatories are relevant to the case at hand. *U.S. ex*

12  *rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

13  *Heller* at 489 (õThat a requested document or information will not be admissible

14  or relevant to the merits of a claim or defense is not a proper objection to

15  discovery of the document or information under the Federal Rules if the

16  discovery request is reasonably calculated to lead to the discovery of admissible

17  evidence.ö)

18  A claim that the request or interrogatory is argumentative must have

19  explanation or qualification. *U.S. ex rel. Englund* at 684 (õA party may not avoid

20  responding based on technicalitiesö)

21  In our meet and confers, and now in this document, Plaintiff requests

22  responses to RFAs without objections.

23  **<u>DEFENDANTS' RESPONSES</u>**

24  This request is in violation of L.R. 36-1 and identical to Plaintifføs Request

25  renumbered as No. 32, which has been supplemented by Defendants on May 9,

26  2017 as follows:

27  Objections: vague and ambiguous as to õstrikingö and õforce incidentö.

28  Without waiving the foregoing objections and subject thereto, Defendant

responds as follows:  Responding party recalls using reasonable force in response to Plaintiff Eric White's attack.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

1

2

3

4

5  REQUEST FOR ADMISSION NO. 9:

6      On May 13, 2009, during the force incident, I, Matthew Kerfoot, was not

7  injured.

8  RESPONSE TO REQUEST FOR ADMISSION NO. 9:

9      Objections: vague and ambiguous; lacks foundation; overbroad as to time

10  and scope; relevance; not reasonably calculated to lead to the discovery of

11  admissible evidence; argumentative; calls for an expert opinion; not in

12  compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential

13  order without repeating numbers from prior sets.

14  PLAINTIFF∅S ARGUMENT FOR DISCLOSURE

15      This admission is non-responsive. An admission, denial or specific reason

16  why, at minimum, a qualified answer has not been provided must be provided.

17  *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

18  request for admission imprecise, he should set forth a qualified answer that fairly

19  meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257,

20  262 (E.D. Va. 2005). You must admit, deny or explain why a request or

21  interrogatory is considered vague and ambiguous and answer to the fullest extent

22  possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

23  Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö

24  unless so ambiguous that the responding party cannot, in good faith, frame an

25  intelligent reply. Parties should õadmit to the fullest extent possible, and explain

26  in detail why other portions of a request may not be admitted.ö); *McCoo v.*

27  *Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to

28

discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"); *Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.")

A claim that the request or interrogatory is argumentative must have explanation or qualification. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities.)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 36, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous; overbroad as to time and scope. Without waiving the foregoing objections and subject thereto, Defendant responds as follows:  Deny.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

REQUEST FOR ADMISSION NO. 3:

26      On May 13, 2009, during the force incident, I, Kasey Owens, struck Eric

27  White repeatedly in the face and forehead with my forearm while he was on the

28  ground.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Objections: vague and ambiguous as to "repeatedly"; lacks foundation; overbroad as to time and scope; argumentative; relevance; not reasonably calculated
to lead to the discovery of admissible evidence; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets

PLAINTIFF's ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

1    You must explain why the request or interrogatory calls for speculation.

2    U.S. ex rel. Englund at 684 ("A party may not avoid responding based on

3    technicalities").

4         These requests for admission are asking for a response with regard to the

5    defendants' knowledge and therefore are not asking for a speculative answer. If

6    claiming a request or interrogatory is compound, you must explain why and

7    provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not

8    avoid responding based on technicalities"). Phrases narrowing the subject matter

9    of the admission do not create a compound request. The explanatory phrases are

10   necessary to limit the scope of the request and keep it from being ambiguous.

11        These requests and interrogatories are relevant to the case at hand. *U.S. ex

12   rel. Englund* at 684 ("A party may not avoid responding based on technicalities");

13   *Heller* at 489 ("That a requested document or information will not be admissible

14   or relevant to the merits of a claim or defense is not a proper objection to

15   discovery of the document or information under the Federal Rules if the

16   discovery request is reasonably calculated to lead to the discovery of admissible

17   evidence.").

18        In our meet and confers, and now in this document, Plaintiff requests

19   responses to RFAs without objections.

20   **DEFENDANTS' RESPONSES**

21        This request is in violation of L.R. 36-1 and identical to Plaintiff's Request

22   renumbered as No. 27, which has been supplemented by Defendants on May 9,

23   2017 as follows:

24        Objections: vague and ambiguous as to "repeatedly"; overbroad as to time

25   and scope; argumentative.  Without waiving the foregoing objections and subject

26   thereto, Defendant responds:  Defendant recalls using reasonable force in

27   response to Plaintiff Eric White's attack on me and other deputies.

28

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

REQUEST FOR ADMISSION NO. 4:

On May 13, 2009, during the force incident, I, Kasey Owens, kneed Eric White multiple times in his ribs while he was on the ground.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Objections: vague and ambiguous as to "multiple times"; lacks foundation; overbroad as to time and scope; argumentative; relevance; not reasonably calculated to lead to the discovery of admissible evidence; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF₅S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v.*

*Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 28, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to "multiple times"; overbroad as to time and scope; argumentative.  Without waiving the foregoing objections and subject thereto, Defendant responds:  Defendant recalls using reasonable force in response to Plaintiff Eric White's attack on me and other deputies.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.


REQUEST FOR ADMISSION NO. 5:

On May 13, 2009, Deputies Erskine, Kerfoot and I, Kasey Owens, were each striking Eric White during the force incident; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

I Objections: vague and ambiguous as to "striking"; lacks foundation; calls for speculation; overbroad as to time and scope; relevance; not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly

meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to

1  discovery of the document or information under the Federal Rules if the

2  discovery request is reasonably calculated to lead to the discovery of admissible

3  evidence.")

4       In our meet and confers, and now in this document, Plaintiff requests

5  responses to RFAs without objections.

6  **<u>DEFENDANTS' RESPONSES</u>**

7       This request is in violation of L.R. 36-1 and identical to Plaintiff's Request

8  renumbered as No. 29, which has been supplemented by Defendants on May 9,

9  2017 as follows:

10       Objections: vague and ambiguous as to "striking"; calls for speculation;

11  overbroad as to time and scope; argumentative.  Without waiving the foregoing

12  objections and subject thereto, Defendant responds:  Defendant recalls using

13  reasonable force in response to Plaintiff Eric White's attack on me and other

14  deputies.

15       Moreover, from what can be discerned, Plaintiff is moving to compel

16  Defendants to respond without objections.  There is simply no authority for this

17  argument, especially when Defendants provided a qualified response.  *See*

18  Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request

19  should be denied.

20

21

22

23

24

25

26

27

28

1

2

3

4  REQUEST FOR ADMISSION NO. 3:

5      On May 13, 2009, I, Matthew Kerfoot, did not question Eric White about

6  passing contraband to another inmate.

7  RESPONSE TO REQUEST FOR ADMISSION NO. 3:

8      Objections: vague and ambiguous as to "question"; lacks foundation;

9  overbroad as to time and scope; relevance; not reasonably calculated to lead to the

10  discovery of admissible evidence; argumentative; calls for a legal conclusion; not

11  in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential

12  order without repeating numbers from prior sets.

13  PLAINTIFF₰S ARGUMENT FOR DISCLOSURE

14      This admission is non-responsive. An admission, denial or specific reason

15  why, at minimum, a qualified answer has not been provided must be provided.

16  *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

17  request for admission imprecise, he should set forth a qualified answer that fairly

18  meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257,

19  262 (E.D. Va. 2005). You must admit, deny or explain why a request or

20  interrogatory is considered vague and ambiguous and answer to the fullest extent

21  possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

22  Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö

23  unless so ambiguous that the responding party cannot, in good faith, frame an

24  intelligent reply. Parties should õadmit to the fullest extent possible, and explain

25  in detail why other portions of a request may not be admitted.ö); *McCoo v.

26  Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to

27  discovery as vague or ambiguous has the burden to show such vagueness or

28  ambiguity.ö

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"); *Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.") Rule 36 permits requests for admission as to the application of law to fact, or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015 U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) ("With respect to defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36 permits requests for admission as to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A)".)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 39, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: overbroad as to time and scope.  Without waiving the foregoing objections, Defendant responds:  Defendant observed Eric White reaching into a cell, which, based on my training and experience is to pass or retrieve contraband.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.


REQUEST FOR ADMISSION NO. 4:

I, Matthew Kerfoot, cannot identify any witnesses that saw Eric White passing contraband to another inmate on May 13, 2009.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Objections: vague and ambiguous; lacks foundation; overbroad as to time and scope; relevance; not reasonably calculated to lead to the discovery of admissible evidence; argumentative; calls for an expert opinion; calls for a legal conclusion; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly

meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to

discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö) Rule 36 permits requests for admission as to the application of law to fact, or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015 U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) (õWith respect to defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36 permits requests for admission as to õfacts, the application of law to fact, or opinions about either.ö Fed. R. Civ. P. 36(a)(1)(A)ö.)

A claim that the request or interrogatory is argumentative must have explanation or qualification. U.S. ex rel. Englund at 684 (õA party may not avoid responding based on technicalitiesö.)

No expert opinion required.

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This request is in violation of L.R. 36-1 and identical to Plaintifføs Request renumbered as No. 40, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to time; speculation. Without waiving the foregoing objections, Defendant responds: Defendant observed Eric White reaching into a cell, which, based on my training and experience is to pass or retrieve contraband.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections. There is simply no authority for this argument, especially when Defendants provided a qualified response. *See* Fed.R.Civ.P. Rule 36(a)(5). Accordingly, the motion to compel as to this request should be denied.

REQUEST FOR ADMISSION NO. 5:

I, Matthew Kerfoot, did not search Eric White for contraband on May 13, 2009.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Objections: vague and ambiguous; lacks foundation; overbroad as to time and scope; relevance; not reasonably calculated to lead to the discovery of admissible evidence; argumentative; calls for an expert opinion; calls for a legal conclusion; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF∅S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. See Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.ö *House v. Giant of Md., LLC*, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County,* 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

1    You must explain why the request or interrogatory calls for speculation.

2    *U.S. ex rel. Englund* at 684 (ōA party may not avoid responding based on

3    technicalitiesö).

4         These requests for admission are asking for a response with regard to the

5    defendantsø knowledge and therefore are not asking for a speculative answer. If

6    claiming a request or interrogatory is compound, you must explain why and

7    provide an answer as possible. *U.S. ex rel. Englund* at 684 (ōA party may not

8    avoid responding based on technicalitiesö). Phrases narrowing the subject matter

9    of the admission do not create a compound request. The explanatory phrases are

10   necessary to limit the scope of the request and keep it from being ambiguous.

11   These requests and interrogatories are relevant to the case at hand. *U.S. ex rel.*

12   *Englund* at 684 (ōA party may not avoid responding based on technicalitiesö);

13   *Heller* at 489 (ōThat a requested document or information will not be admissible

14   or relevant to the merits of a claim or defense is not a proper objection to

15   discovery of the document or information under the Federal Rules if the

16   discovery request is reasonably calculated to lead to the discovery of admissible

17   evidence.ö)

18        A claim that the request or interrogatory is argumentative must have

19   explanation or qualification. *U.S. ex rel. Englund* at 684 (ōA party may not avoid

20   responding based on technicalitiesö.)

21        Rule 36 permits requests for admission as to the application of law to fact,

22   or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015

23   U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) (ōWith respect to

24   defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36

25   permits requests for admission as to ōfacts, the application of law to fact, or

26   opinions about either.ö Fed. R. Civ. P. 36(a)(1)(A)ö.)

27        No expert opinion required.

28        In our meet and confers, and now in this document, Plaintiff requests

responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 41, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to time; not relevant to the Parties' claim or defense.  Without waiving the foregoing objections, Defendant responds: Defendant intended to search Eric White before he attacked me and other deputies.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied

REQUEST FOR ADMISSION NO. 6:

I, Matthew Kerfoot, did not identify any inmate to whom Eric White allegedly passed contraband on May 13, 2009.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Objections: vague and ambiguous; lacks foundation; overbroad as to time and scope; relevance; not reasonably calculated to lead to the discovery of admissible evidence; calls for an expert opinion; calls for a legal conclusion; duplicative; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a

request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 (õA party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

*Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.") Rule 36 permits requests for admission as to the application of law to fact, or opinions about [such application]. *See And Cake, Inc. v. Sans Souci LLC,* 2015 U.S. Dist. Lexis 187139 at *9-10 (C. D. Cal. Aug. 15, 2015) ("With respect to defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36 permits requests for admission as to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A)".)

No expert opinion required.

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This request is in violation of L.R. 36-1 and identical to Plaintiff's Request renumbered as No. 42, which has been supplemented by Defendants on May 9, 2017 as follows:

Objections: vague and ambiguous as to "did not identify"; lacks foundation; overbroad as to time and scope.  Without waiving the foregoing objections, Defendant responds:  Defendant observed Eric White reaching into a cell, which, based on my training and experience is to pass or retrieve contraband.

Moreover, from what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument, especially when Defendants provided a qualified response.  *See* Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request should be denied.

REQUEST FOR ADMISSION NO. 7:

On May 13, 2009, I, Matthew Kerfoot, was responsible for doing the hourly checks on every individual inmate in the Central Jail (CJ) 2500 module.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Objections: vague and ambiguous; lacks foundation; overbroad as to time and scope; relevance; not reasonably calculated to lead to the discovery of admissible evidence; argumentative; not in compliance with C.D. Cal. Local Rule 36-1, as requests are not in sequential order without repeating numbers from prior sets.

PLAINTIFF∅S ARGUMENT FOR DISCLOSURE

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

1    You must explain why the request or interrogatory calls for speculation.

2    U.S. ex rel. Englund at 684 (õA party may not avoid responding based on

3    technicalitiesö).

4    These requests for admission are asking for a response with regard to the

5    defendantsø knowledge and therefore are not asking for a speculative answer. If

6    claiming a request or interrogatory is compound, you must explain why and

7    provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

8    avoid responding based on technicalitiesö). Phrases narrowing the subject matter

9    of the admission do not create a compound request. The explanatory phrases are

10    necessary to limit the scope of the request and keep it from being ambiguous.

11    These requests and interrogatories are relevant to the case at hand. *U.S. ex

12    rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

13    *Heller* at 489 (õThat a requested document or information will not be admissible

14    or relevant to the merits of a claim or defense is not a proper objection to

15    discovery of the document or information under the Federal Rules if the

16    discovery request is reasonably calculated to lead to the discovery of admissible

17    evidence.ö)

18    A claim that the request or interrogatory is argumentative must have

19    explanation or qualification. *U.S. ex rel. Englund* at 684 (õA party may not avoid

20    responding based on technicalitiesö.)

21    In our meet and confers, and now in this document, Plaintiff requests

22    responses to RFAs without objections.

23    **<u>DEFENDANTS' RESPONSES</u>**

24    This request is in violation of L.R. 36-1 and identical to Plaintifføs Request

25    renumbered as No. 43, which has been supplemented by Defendants on May 9,

26    2017 as follows:

27    Objections: vague and ambiguous as to õdoing the hourly checksö; not

28    relevant to the Partiesø claim or defense.  Without waiving the foregoing

1  objections, Defendant responds:  Defendant was working as the 2500 Module

2  Deputy.

3         Moreover, from what can be discerned, Plaintiff is moving to compel

4  Defendants to respond without objections.  There is simply no authority for this

5  argument, especially when Defendants provided a qualified response.  *See*

6  Fed.R.Civ.P. Rule 36(a)(5).  Accordingly, the motion to compel as to this request

7  should be denied.

1    **Interrogatories Set One Kerfoot and Owens 0503**

2    INTERROGATORY NO. 1:

3        If you contend that Eric White struck you on May 13, 2009, describe in

4    detail, and in chronological order, each and every, punch, kick, or other battery

5    inflicted upon you by Eric White.

6        *Kerfoot*

7    RESPONSE TO INTERROGATORY NO. 1:

8    Objections: vague and ambiguous as to time and as to the term "battery".

9    Compound. Without waving the foregoing objections, Defendant responds:

10   Inmate White assaulted Defendant, including in the shoulder, arm, and leg/thigh

11   area.

12   PLAINTIFF∅S ARGUMENT FOR DISCLOSURE

13       This admission is non-responsive. An admission, denial or specific reason

14   why, at minimum, a qualified answer has not been provided must be provided.

15   *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

16   request for admission imprecise, he should set forth a qualified answer that fairly

17   meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257,

18   262 (E.D. Va. 2005). You must admit, deny or explain why a request or

19   interrogatory is considered vague and ambiguous and answer to the fullest extent

20   possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.

21   Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö

22   unless so ambiguous that the responding party cannot, in good faith, frame an

23   intelligent reply. Parties should õadmit to the fullest extent possible, and explain

24   in detail why other portions of a request may not be admitted.ö); *McCoo v.*

25   *Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to

26   discovery as vague or ambiguous has the burden to show such vagueness or

27   ambiguity.ö

28

1    If claiming a request or interrogatory is compound, you must explain why

2   and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

3   avoid responding based on technicalitiesö). Phrases narrowing the subject matter

4   of the admission do not create a compound request. The explanatory phrases are

5   necessary to limit the scope of the request and keep it from being ambiguous.

6   In our meet and confers, and now in this document, Plaintiff requests

7   responses to Interrogatories without objections.

8    **DEFENDANTS' RESPONSES**

9    Defendant adequately provided a response to this Interrogatory.  From

10   what can be discerned, Plaintiff is moving to compel Defendant to respond

11   without objections.  There is simply no authority for this argument.  *See*

12   Fed.R.Civ.P. Rule 33(b)(4).  Accordingly, the motion to compel as to this request

13   should be denied.

14

15    *Owens*

16   RESPONSE TO INTERROGATORY NO. 1:

17    Objections: vague and ambiguous as to time and as to the term "battery".

18   Compound. Without waving the foregoing objections, Defendant responds:

19   Inmate White assaulted me, kicking me several times in the leg/thigh area.

20   PLAINTIFF*S* ARGUMENT FOR DISCLOSURE

21    This interrogatory is non-responsive. An admission, denial or specific

22   reason why, at minimum, a qualified answer has not been provided must be

23   provided. *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording

24   of a request for admission imprecise, he should set forth a qualified answer that

25   fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232

26   F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request

27   or interrogatory is considered vague and ambiguous and answer to the fullest

28   extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685

(E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous. In our meet and confers, and now in this document, Plaintiff requests responses to Interrogatories without objections.

**DEFENDANTS RESPONSES**

Defendant adequately provided a response to this Interrogatory. From what can be discerned, Plaintiff is moving to compel Defendant to respond without objections. There is simply no authority for this argument. *See* Fed.R.Civ.P. Rule 33(b)(4). Accordingly, the motion to compel as to this request should be denied

INTERROGATORY NO. 3:

Describe in detail, and in chronological order, each and every, punch, kick, or other battery you inflicted upon Eric White on May 13, 2009.

*Kerfoot*

RESPONSE TO INTERROGATORY NO.3:

Objections: vague and ambiguous as to time and as to the term "battery". Compound. Without waiving the foregoing objections, Defendant responds:

1  Defendant recall attempting to gain control of Inmate White during his attack on

2  Defendant and other deputies by using reasonable force in making contact with

3  Inmate White's face, torso, arms and legs.

4  <u>PLAINTIFF₵S ARGUMENT FOR DISCLOSURE</u>

5       This interrogatory is non-responsive. An admission, denial or specific

6  reason why, at minimum, a qualified answer has not been provided must be

7  provided. *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording

8  of a request for admission imprecise, he should set forth a qualified answer that

9  fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232

10 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request

11 or interrogatory is considered vague and ambiguous and answer to the fullest

12 extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685

13 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö

14 unless so ambiguous that the responding party cannot, in good faith, frame an

15 intelligent reply. Parties should õadmit to the fullest extent possible, and explain

16 in detail why other portions of a request may not be admitted.ö); *McCoo v.*

17 *Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to

18 discovery as vague or ambiguous has the burden to show such vagueness or

19 ambiguity.ö

20      If claiming a request or interrogatory is compound, you must explain why

21 and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

22 avoid responding based on technicalitiesö). Phrases narrowing the subject matter

23 of the admission do not create a compound request. The explanatory phrases are

24 necessary to limit the scope of the request and keep it from being ambiguous.

25      In our meet and confers, and now in this document, Plaintiff requests

26 responses to Interrogatories without objections.

27      **<u>DEFENDANTS' RESPONSES</u>**

28

1   Defendant adequately provided a response to this Interrogatory.  From
2   what can be discerned, Plaintiff is moving to compel Defendant to respond
3   without objections.  There is simply no authority for this argument.  *See*
4   Fed.R.Civ.P. Rule 33(b)(4).  Accordingly, the motion to compel as to this request
5   should be denied.

6

7   *Owens*
8   RESPONSE TO INTERROGATORY NO.3:

9   Objections: vague and ambiguous as to time and as to the term "battery".
10   Compound. Without waiving the foregoing objections, Defendant responds:
11   Defendant recalls attempting to gain control of Inmate White during his attack on
12   him and other deputies by attempting to use reasonable force in holding his arms
13   and legs as well as making contact with his face.
14   PLAINTIFF∅S ARGUMENT FOR DISCLOSURE

15   This interrogatory is non-responsive. An admission, denial or specific
16   reason why, at minimum, a qualified answer has not been provided must be
17   provided. *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording
18   of a request for admission imprecise, he should set forth a qualified answer that
19   fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232
20   F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request
21   or interrogatory is considered vague and ambiguous and answer to the fullest
22   extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685
23   (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö
24   unless so ambiguous that the responding party cannot, in good faith, frame an
25   intelligent reply. Parties should õadmit to the fullest extent possible, and explain
26   in detail why other portions of a request may not be admitted.ö); *McCoo v.*
27   *Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to
28

discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous. In our meet and confers, and now in this document, Plaintiff requests responses to Interrogatories without objections.

**DEFENDANTS' RESPONSES**

Defendant adequately provided a response to this Interrogatory. From what can be discerned, Plaintiff is moving to compel Defendant to respond without objections. There is simply no authority for this argument. *See* Fed.R.Civ.P. Rule 33(b)(4). Accordingly, the motion to compel as to this request should be denied.


INTERROGATORY NO. 4:

If you contend that Eric White made any statements on May 13, 2009, describe in detail and in chronological order the exact words, and all of them, uttered by Eric White.

RESPONSE TO INTERROGATORY NO. 4:

Objections: vague and ambiguous as to time and as to the term "uttered". Compound. Without waiving the foregoing objections, Defendant responds: Defendant recalls Inmate White making loud statements but was unable to discern what he was saying.

PLAINTIFFōS ARGUMENT FOR DISCLOSURE

This interrogatory is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be

provided. *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request or interrogatory is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous. In our meet and confers, and now in this document, Plaintiff requests responses to Interrogatories without objections.

## **DEFENDANTS' RESPONSES**

Defendants adequately provided a response to this Interrogatory.  From what can be discerned, Plaintiff is moving to compel Defendants to respond without objections.  There is simply no authority for this argument.  *See* Fed.R.Civ.P. Rule 33(b)(4).  Accordingly, the motion to compel as to this request should be denied.

INTERROGATORY NO. 5:

1   Identify each and every person whom you contend Eric White struck on

2   May 13, 2009.

3   RESPONSE TO INTERROGATORY NO. 5:

4   Objections: vague and ambiguous as to time. Without waiving the

5   foregoing objection, Defendant responds: Inmate White struck Defendant.

6   Defendant is unable to recall specifically everyone else Inmate White attacked.

7   PLAINTIFF'S ARGUMENT FOR DISCLOSURE

8   This interrogatory is non-responsive. An admission, denial or specific

9   reason why, at minimum, a qualified answer has not been provided must be

10   provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording

11   of a request for admission imprecise, he should set forth a qualified answer that

12   fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232

13   F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why a request

14   or interrogatory is considered vague and ambiguous and answer to the fullest

15   extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685

16   (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is 'ambiguous'

17   unless so ambiguous that the responding party cannot, in good faith, frame an

18   intelligent reply. Parties should 'admit to the fullest extent possible, and explain

19   in detail why other portions of a request may not be admitted.'); *McCoo v.*

20   *Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to

21   discovery as vague or ambiguous has the burden to show such vagueness or

22   ambiguity."

23   In our meet and confers, and now in this document, Plaintiff requests

24   responses to Interrogatories without objections.

25   **DEFENDANTS' RESPONSES**

26   Defendants adequately provided a response to this Interrogatory.

27   From what can be discerned, Plaintiff is moving to compel Defendants to respond

28   without objections.  There is simply no authority for this argument.  *See*

Fed.R.Civ.P. Rule 33(b)(4).  Accordingly, the motion to compel as to this request should be denied.

1

2

3

4

5

6

7

8

9

10

11

12

13 **III. Supervisory Defendants Baca, Burns, Cruz, Cavanaugh**

14 **A. Objections limited to on the basis of dismissal.**

15 <u>PLAINTIFF¢S ARGUMENT FOR DISCLOSURE</u>

16       Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have

17 been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the

18 Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a

19 manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which

20 states that the supervisory and municipal liability claims are ordered bifurcated.

21 Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by

22 Document No. 161, a minute order in which the Court grants judgment as a

23 matter of law on plaintiff¢s third and fourth claims for supervisory and municipal

24 liability. Because the third and fourth claims were bifurcated pursuant to the

25 defendants¢ motion on February 6, 2014, there would be a separate Pretrial Order

26 for those claims should they proceed to trial. Thus, Document #133 pertained

27 only to the claims that were not bifurcated and did not encompass defendants

28 Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not

object to Document 161 and did not address this issue on appeal. The Seventh Amendment and the Federal Rules of Civil Procedure incorporate the principle that cases be decided on their merits. Defendants' construction of Document #133 is empty of any reason or equity. Additionally, the clerk's docket reflects that these defendants are still defendants in this action.

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

In our meet and confers, and now in this document, Plaintiff requests responses to Interrogatories without objections.

## **DEFENDANTS' RESPONSES**

This issue is premature as the motion for clarification of the status of the Supervisor Defendants is pending before the District Court.  Further, Defendants have requested that the *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed pending the outcome of the liability phase.

Following the Parties meet and confer efforts and the informal discovery conferences, this Court recommended that Plaintiff file a motion for clarification with an *ex parte* application shortening time for the motion to be heard.  On June 2, 2017, during the last informal discovery conference, the Court indicated that after conferring with the District Court, the District Court generally stays all discovery on claims relating to supervisory liability and *Monell* liability pending the outcome of the underlying use of force claim.  Defendants have requested the same in their Opposition.  As a result, Plaintiff's joint stipulation as to these Supervisory Defendants is premature and may be mooted pending the outcome of Plaintiff's motion, set to be heard on July 3, 2017.

The instant dispute arises from the March 21, 2014 Final Pretrial Conference Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have

1  been served and appeared.  All other parties named in the pleadings and not

2  identified in the preceding paragraphs are now dismissed.ö

3      On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff

4  filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and

5  remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and

6  Pre-Trial dates for the re-trial of this matter.

7      From March 27, 2017 to April 6, 2017, Plaintiff served various discovery

8  requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9

9  sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),

10  and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of

11  this stipulation.  Several of the requests are overbroad for the instant action.  The

12  Individual Supervisor Defendants objected to the discovery requests on the basis

13  that they have been dismissed since they were not identified in the March 21, 2014

14  Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a

15  õpretrial order generally supersedes the pleadings, and the parties are bound by its

16  contents.ö *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The

17  Final Pretrial Order explicitly notes that it õAll other parties named in the pleadings

18  and not identified in the preceding paragraphs are now dismissedö and the Order

19  õshall supersede the pleadings í ö (Dkt. 133, ¶¶ 1, 14).

20      Plaintiff contends that the Supervisor Defendants have not been dismissed

21  because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).

22  Based on the plain language of paragraph 1 contained in the Final Pretrial

23  Conference Order, the Supervisor Defendants are dismissed.  In his Motion for

24  clarification, Plaintiff states that the Final Pretrial Conference Order was a result of

25  Plaintifføs attorneyøs drafting õerrorö, that the Supervisor Defendants were

26  õinadvertently subtracted from paragraph 1 of the Pretrial Conference Order.ö  Pl.

27  Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

28

Based on the foregoing, Plaintiff's joint stipulation as to these Individual Supervisory Defendants is premature and may become unnecessary pending the outcome of Plaintiff's clarification motion, which is set to be heard on July 3, 2017.

**Requests for Admission, Set One: Cruz and Cavanaugh 0426**

*Substitute Cavanaugh For Cruz *(Objection for Cavanaugh includes "deceased.")*

[IDENTICAL] RESPONSE TO REQUEST FOR ADMISSION NO. 1-11:

Objections: Daniel Cruz objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper.

REQUEST FOR ADMISSION NO. 1:

I, Daniel Cruz, set in motion a series of acts by others which I knew or reasonably should have known would cause others to use unnecessary force against the plaintiff on May 13, 2009.

REQUEST FOR ADMISSION NO. 2:

The ethical standards of the Los Angeles County Sheriff's Department [LASD] in effect on May 13, 2009, required that a deputy intervene when the deputy witnesses a fellow deputy use unnecessary force against a detainee.

REQUEST FOR ADMISSION NO. 3:

I, Daniel Cruz, knowingly refused to terminate a series of acts by others which I knew or reasonably should have known would cause others to use unnecessary force against the plaintiff on May 13, 2009.

REQUEST FOR ADMISSION NO. 4:

Before May 13, 2009, I, Daniel Cruz, was aware that Lt. Mark McCorkle was in the process of preparing what ultimately became a 7-page report to Stephen B. Johnson and Robert J. Olmstead, dated November 23, 2009 (a true and correct copy of which is attached to these requests).

REQUEST FOR ADMISSION NO. 5:

Before May 13, 2009, I, Daniel Cruz, was aware that LASD used the Force Documentation protocol (a true and correct copy of which is attached to these requests) to train deputies.

REQUEST FOR ADMISSION NO. 6:

The objective for use of force against an inmate by a deputy in a custody (i.e., jail) setting is to gain or maintain control of the inmate.

REQUEST FOR ADMISSION NO. 7:

Force should never be used to punish a pretrial detainee.

REQUEST FOR ADMISSION NO. 8:

Defendant Owens was following Men@s Central Jail longstanding custom on May 13, 2009, when he used force against plaintiff.

REQUEST FOR ADMISSION NO. 9:

Defendant Kerfoot was following Men@s Central Jail longstanding custom on May 13, 2009, when he used force against plaintiff.

REQUEST FOR ADMISSION NO. 10:

On May 13, 2009, defendant Owens was responsible for becoming familiar with the policies and guidelines set by the LASD regarding the use of force.

REQUEST FOR ADMISSION NO. 11:

On May 13, 2009, defendant Kerfoot was responsible for becoming familiar with the policies and guidelines set by the LASD regarding the use of force.

**Interrogatories, Set One: Baca, Burns, Cruz, Cavanaugh 0427**

*Substitute Baca, Burns, or Cavanaugh For Cruz *(Objection for Cavanaugh includes "deceased.")*

[IDENTICAL] RESPONSE TO INTERROGATORY NO. 3, 5, 6, 8, 9:

Objections: Daniel Cruz objects on the basis that he has been dismissed and is no

longer a defendant in this action; accordingly, the requests is improper.

INTERROGATORY NO. 3:

If your response to Request for Admission No. 3, Set One, is not an unqualified admission, state all facts upon which you base your responses.

INTERROGATORY NO. 5:

If your response to Request for Admission No. 5, Set One, is not an unqualified admission, state all facts upon which you base your responses.

INTERROGATORY NO. 6:

If your response to Request for Admission No. 6, Set One, is not an unqualified admission, state all facts upon which you base your responses.

INTERROGATORY NO. 8:

If your response to Request for Admission No. 8, Set One, is not an unqualified admission, state all facts upon which you base your responses.

INTERROGATORY NO. 9:

If your response to Request for Admission No. 9, Set One, is not an unqualified admission, state all facts upon which you base your responses.

## **Interrogatories, Set Two Baca 0504**

INTERROGATORY NO. 1:

Set forth the following information with respect to each witness who you expect to call during the course of the trial:

A. His or her name, address, telephone number, occupation, title, and relationship to the parties, if any.

B. The subject matter for which the witness may be called upon to testify.

C. The payment or compensation, if any, that has been provided to the witness.

RESPONSE TO INTERROGATORY NO. 1:

Objections: Leroy Baca objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper.

**REQUESTS FOR PRODUCTION Set One: Burns, Cruz, Cavanaugh 0427**

*Substitute Burns, or Cavanaugh For Cruz *(Objection for Cavanaugh includes "deceased.")*

[IDENTICAL] RESPONSE TO REQUEST FOR PRODUCTION NO. 3, 5, 6, 8, 9:

Objections: Daniel Cruz objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper.

REQUEST FOR PRODUCTION NO. 3:

If your response to Request for Admission No. 3, Set One, is not an unqualified admission, identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

REQUEST FOR PRODUCTION NO. 5:

If your response to Request for Admission No. 5, Set One, is not an unqualified admission, identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

REQUEST FOR PRODUCTION NO. 6:

If your response to Request for Admission No. 6, Set One, is not an unqualified admission, identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

REQUEST FOR PRODUCTION NO. 8:

If your response to Request for Admission No. 8, Set One, is not an unqualified admission, identify all DOCUMENTS and other tangible things that

support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

REQUEST FOR PRODUCTION NO. 9:

If your response to Request for Admission No. 9, Set One, is not an unqualified admission, identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**REQUESTS FOR PRODUCTION Set Two: Baca, Burns, Cruz, 0504**

*Substitute Baca , Burns or Cavanaugh For Cruz *(Objection for Cavanaugh includes "deceased.")*

REQUEST FOR PRODUCTION NO. 1:

Identify all exhibits you expect to use at trial.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Objections: Daniel Cruz objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper.

**B. Objections on the basis of dismissal among other objections**

**Requests for Admission, Set One: Baca and Burns 0426**

*Substitute Burns for Baca*

REQUEST FOR ADMISSION NO. 1:

I, Leroy Baca, set in motion a series of acts by others which I knew or reasonably should have known would cause others to use unnecessary force against the plaintiff on May 13, 2009.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Objections: Leroy Baca objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper. Leroy Baca further objects on the ground that the request is overbroad as to scope and

1  time; vague and ambiguous; calls for speculation; calls for an expert medical

2  opinion.

3  <u>PLAINTIFF¢S ARGUMENT FOR DISCLOSURE</u>

4      Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have

5  been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the

6  Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a

7  manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which

8  states that the supervisory and municipal liability claims are ordered bifurcated.

9  Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by

10  Document No. 161, a minute order in which the Court grants judgment as a

11  matter of law on plaintiff¢s third and fourth claims for supervisory and municipal

12  liability. Because the third and fourth claims were bifurcated pursuant to the

13  defendants¢ motion on February 6, 2014, there would be a separate Pretrial Order

14  for those claims should they proceed to trial. Thus, Document #133 pertained

15  only to the claims that were not bifurcated and did not encompass defendants

16  Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not

17  object to Document 161 and did not address this issue on appeal. The Seventh

18  Amendment and the Federal Rules of Civil Procedure incorporate the principle

19  that cases be decided on their merits. Defendants¢ construction of Document #133

20  is empty of any reason or equity. Additionally, the clerk¢s docket reflects that

21  these defendants are still defendants in this action.

22      This admission is non-responsive. An admission, denial or specific reason

23  why, at minimum, a qualified answer has not been provided must be provided.

24  *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a

25  request for admission imprecise, he should set forth a qualified answer that fairly

26  meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257,

27  262 (E.D. Va. 2005). You must admit, deny or explain why an objection is

28  considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex*

1  *rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t

2  is not ground for objection that the request is "ambiguous" unless so ambiguous

3  that the responding party cannot, in good faith, frame an intelligent reply. Parties

4  should "admit to the fullest extent possible, and explain in detail why other

5  portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D.

6  675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or

7  ambiguous has the burden to show such vagueness or ambiguity."

8       Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466,

9  490 (2014) ("A party resisting discovery must show specifically how each request

10  is overly broad, unduly burdensome, or oppressive.").

11       You must explain why the request or interrogatory calls for speculation.

12  U.S. ex rel. Englund at 684 ("A party may not avoid responding based on

13  technicalities"

14       These requests for admission are asking for a response with regard to the

15  defendants' knowledge and therefore are not asking for a speculative answer.

16       There is no requirement for an expert opinion.

17       In our meet and confers, and now in this document, Plaintiff requests

18  responses to RFAs without objections.

19  **DEFENDANTS' RESPONSES**

20       This issue is premature as the motion for clarification of the status of the

21  Supervisor Defendants is pending before the District Court.  Further, Defendants

22  have requested that the *Monell* and supervisor liability claims be bifurcated for

23  trial with discovery stayed pending the outcome of the liability phase.

24       Following the Parties meet and confer efforts and the informal discovery

25  conferences, this Court recommended that Plaintiff file a motion for clarification

26  with an *ex parte* application shortening time for the motion to be heard.  On June

27  2, 2017, during the last informal discovery conference, the Court indicated that

28  after conferring with the District Court, the District Court generally stays all

1  discovery on claims relating to supervisory liability and *Monell* liability pending

2  the outcome of the underlying use of force claim.  Defendants have requested the

3  same in their Opposition.  As a result, Plaintiff's joint stipulation as to these

4  Supervisory Defendants is premature and may be mooted pending the outcome of

5  Plaintiff's motion, set to be heard on July 3, 2017.

6  The instant dispute arises from the March 21, 2014 Final Pretrial Conference

7  Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the

8  remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and

9  Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have

10  been served and appeared.  All other parties named in the pleadings and not

11  identified in the preceding paragraphs are now dismissed."

12  On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff

13  filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and

14  remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and

15  Pre-Trial dates for the re-trial of this matter.

16  From March 27, 2017 to April 6, 2017, Plaintiff served various discovery

17  requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9

18  sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),

19  and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of

20  this stipulation.  Several of the requests are overbroad for the instant action.  The

21  Individual Supervisor Defendants objected to the discovery requests on the basis

22  that they have been dismissed since they were not identified in the March 21, 2014

23  Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a

24  "pretrial order generally supersedes the pleadings, and the parties are bound by its

25  contents."  *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The

26  Final Pretrial Order explicitly notes that it "All other parties named in the pleadings

27  and not identified in the preceding paragraphs are now dismissed" and the Order

28  "shall supersede the pleadings ... " (Dkt. 133, ¶¶ 1, 14).

1    Plaintiff contends that the Supervisor Defendants have not been dismissed

2  because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).

3  Based on the plain language of paragraph 1 contained in the Final Pretrial

4  Conference Order, the Supervisor Defendants are dismissed.  In his Motion for

5  clarification, Plaintiff states that the Final Pretrial Conference Order was a result of

6  Plaintiff's attorney's drafting "error", that the Supervisor Defendants were

7  "inadvertently subtracted from paragraph 1 of the Pretrial Conference Order."  Pl.

8  Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

9    Based on the foregoing, Plaintiff's joint stipulation as to these Individual

10  Supervisory Defendants is premature and may become unnecessary pending the

11  outcome of Plaintiff's clarification motion, which is set to be heard on July 3,

12  2017.

13

14  REQUEST FOR ADMISSION NO. 2:

15    The ethical standards of the Los Angeles County Sheriff's Department

16  [LASD] in effect on May 13, 2009, required that a deputy intervene when the

17  deputy witnesses a fellow deputy use unnecessary force against a detainee.

18  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

19    Objections: Leroy Baca objects on the basis that he has been dismissed and

20  is no longer a defendant in this action; accordingly, the requests is improper.

21  Leroy Baca further objects on the ground that the request is overbroad in scope

22  and in time, compound, vague and ambiguous; not reasonably calculated to lead

23  to the discovery of admissible evidence.

24  PLAINTIFF'S ARGUMENT FOR DISCLOSURE

25    Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have

26  been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the

27  Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a

28  manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which

states that the supervisory and municipal liability claims are ordered bifurcated. Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by Document No. 161, a minute order in which the Court grants judgment as a matter of law on plaintiff's third and fourth claims for supervisory and municipal liability. Because the third and fourth claims were bifurcated pursuant to the defendants' motion on February 6, 2014, there would be a separate Pretrial Order for those claims should they proceed to trial. Thus, Document #133 pertained only to the claims that were not bifurcated and did not encompass defendants Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not object to Document 161 and did not address this issue on appeal. The Seventh Amendment and the Federal Rules of Civil Procedure incorporate the principle that cases be decided on their merits. Defendants' construction of Document #133 is empty of any reason or equity. Additionally, the clerk's docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (ö A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 (ö A party may not avoid responding based on technicalitiesö).

These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer.

There is no requirement for an expert opinion.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (ö A party may not avoid responding based on technicalitiesö); *Heller* at 489 (ö That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This issue is premature as the motion for clarification of the status of the Supervisor Defendants is pending before the District Court.  Further, Defendants have requested that the *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed pending the outcome of the liability phase.

Following the Parties meet and confer efforts and the informal discovery conferences, this Court recommended that Plaintiff file a motion for clarification with an *ex parte* application shortening time for the motion to be heard.  On June 2, 2017, during the last informal discovery conference, the Court indicated that after conferring with the District Court, the District Court generally stays all

1   discovery on claims relating to supervisory liability and *Monell* liability pending

2   the outcome of the underlying use of force claim.  Defendants have requested the

3   same in their Opposition.  As a result, Plaintiff's joint stipulation as to these

4   Supervisory Defendants is premature and may be mooted pending the outcome of

5   Plaintiff's motion, set to be heard on July 3, 2017.

6          The instant dispute arises from the March 21, 2014 Final Pretrial Conference

7   Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the

8   remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and

9   Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have

10  been served and appeared.  All other parties named in the pleadings and not

11  identified in the preceding paragraphs are now dismissed."

12         On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff

13  filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and

14  remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and

15  Pre-Trial dates for the re-trial of this matter.

16         From March 27, 2017 to April 6, 2017, Plaintiff served various discovery

17  requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9

18  sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),

19  and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of

20  this stipulation.  Several of the requests are overbroad for the instant action.  The

21  Individual Supervisor Defendants objected to the discovery requests on the basis

22  that they have been dismissed since they were not identified in the March 21, 2014

23  Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a

24  "pretrial order generally supersedes the pleadings, and the parties are bound by its

25  contents."  *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The

26  Final Pretrial Order explicitly notes that it "All other parties named in the pleadings

27  and not identified in the preceding paragraphs are now dismissed" and the Order

28  "shall supersede the pleadings … " (Dkt. 133, ¶¶ 1, 14).

1    Plaintiff contends that the Supervisor Defendants have not been dismissed

2  because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).

3  Based on the plain language of paragraph 1 contained in the Final Pretrial

4  Conference Order, the Supervisor Defendants are dismissed.  In his Motion for

5  clarification, Plaintiff states that the Final Pretrial Conference Order was a result of

6  Plaintiff's attorney's drafting "error", that the Supervisor Defendants were

7  "inadvertently subtracted from paragraph 1 of the Pretrial Conference Order."  Pl.

8  Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

9    Based on the foregoing, Plaintiff's joint stipulation as to these Individual

10  Supervisory Defendants is premature and may become unnecessary pending the

11  outcome of Plaintiff's clarification motion, which is set to be heard on July 3,

12  2017.

13

14  <u>REQUEST FOR ADMISSION NO. 3:</u>

15    I, Leroy Baca, knowingly refused to terminate a series of acts by others

16  which I knew or reasonably should have known would cause others to use

17  unnecessary force against the plaintiff on May 13, 2009.

18    *Baca*

19  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 3:</u>

20    Objections: Leroy Baca objects on the basis that he has been dismissed and

21  is no longer a defendant in this action; accordingly, the requests is improper.

22  Leroy Baca further objects on the ground that the request is overbroad in scope

23  and in time, compound, vague and ambiguous; not reasonably calculated to lead

24  to the discovery of admissible evidence; and calls for a legal conclusion.

25  <u>PLAINTIFF'S ARGUMENT FOR DISCLOSURE</u>

26    Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have

27  been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the

28  Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a

manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which states that the supervisory and municipal liability claims are ordered bifurcated. Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by Document No. 161, a minute order in which the Court grants judgment as a matter of law on plaintiff s third and fourth claims for supervisory and municipal liability. Because the third and fourth claims were bifurcated pursuant to the defendants motion on February 6, 2014, there would be a separate Pretrial Order for those claims should they proceed to trial. Thus, Document #133 pertained only to the claims that were not bifurcated and did not encompass defendants Baca, Burns, Cavanaugh, Cruz or the County.

Additionally, defendants did not object to Document 161 and did not address this issue on appeal. The Seventh Amendment and the Federal Rules of Civil Procedure incorporate the principle that cases be decided on their merits. Defendants construction of Document #133 is empty of any reason or equity. Additionally, the clerk s docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request. *House v. Giant of Md.*, LLC, 232 F.R.D., 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ([I]t is not ground for objection that the request is ambiguous unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.); *McCoo v. Denny's Inc.,* 192 F.R.D.

675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 ("A party may not avoid responding based on technicalities"). These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer.

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"); *Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.")

Rule 36 permits requests for admission as to the application of law to fact, or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015 U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) ("With respect to defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36 permits requests for admission as to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A)".)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**<u>DEFENDANTS' RESPONSES</u>**

This issue is premature as the motion for clarification of the status of the Supervisor Defendants is pending before the District Court.  Further, Defendants have requested that the *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed pending the outcome of the liability phase.

Following the Parties meet and confer efforts and the informal discovery conferences, this Court recommended that Plaintiff file a motion for clarification with an *ex parte* application shortening time for the motion to be heard.  On June 2, 2017, during the last informal discovery conference, the Court indicated that after conferring with the District Court, the District Court generally stays all discovery on claims relating to supervisory liability and *Monell* liability pending the outcome of the underlying use of force claim.  Defendants have requested the same in their Opposition.  As a result, Plaintiff's joint stipulation as to these Supervisory Defendants is premature and may be mooted pending the outcome of Plaintiff's motion, set to be heard on July 3, 2017.

The instant dispute arises from the March 21, 2014 Final Pretrial Conference Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have

1  been served and appeared.  All other parties named in the pleadings and not

2  identified in the preceding paragraphs are now dismissed.ö

3       On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff

4  filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and

5  remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and

6  Pre-Trial dates for the re-trial of this matter.

7       From March 27, 2017 to April 6, 2017, Plaintiff served various discovery

8  requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9

9  sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),

10 and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of

11 this stipulation.  Several of the requests are overbroad for the instant action.  The

12 Individual Supervisor Defendants objected to the discovery requests on the basis

13 that they have been dismissed since they were not identified in the March 21, 2014

14 Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a

15 õpretrial order generally supersedes the pleadings, and the parties are bound by its

16 contents.ö  *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The

17 Final Pretrial Order explicitly notes that it õAll other parties named in the pleadings

18 and not identified in the preceding paragraphs are now dismissedö and the Order

19 õshall supersede the pleadings í  ö (Dkt. 133, ¶¶ 1, 14).

20      Plaintiff contends that the Supervisor Defendants have not been dismissed

21 because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).

22 Based on the plain language of paragraph 1 contained in the Final Pretrial

23 Conference Order, the Supervisor Defendants are dismissed.  In his Motion for

24 clarification, Plaintiff states that the Final Pretrial Conference Order was a result of

25 Plaintifføs attorneyøs drafting õerrorö, that the Supervisor Defendants were

26 õinadvertently subtracted from paragraph 1 of the Pretrial Conference Order.ö  Pl.

27 Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

28

1    Based on the foregoing, Plaintiff's joint stipulation as to these Individual

2    Supervisory Defendants is premature and may become unnecessary pending the

3    outcome of Plaintiff's clarification motion, which is set to be heard on July 3,

4    2017.

5

6    *Burns*

7    RESPONSE TO REQUEST FOR ADMISSION NO. 3:

8    Objections: Dennis Burns objects on the basis that he has been dismissed

9    and is no longer a defendant in this action; accordingly, the requests is improper.

10   Dennis Burns further objects on the basis that the request calls for speculation and

11   calls for a legal conclusion.

12   PLAINTIFF'S ARGUMENT FOR DISCLOSURE

13   Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have

14   been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the

15   Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a

16   manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which

17   states that the supervisory and municipal liability claims are ordered bifurcated.

18   Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by

19   Document No. 161, a minute order in which the Court grants judgment as a

20   matter of law on plaintiff's third and fourth claims for supervisory and municipal

21   liability. Because the third and fourth claims were bifurcated pursuant to the

22   defendants' motion on February 6, 2014, there would be a separate Pretrial Order

23   for those claims should they proceed to trial. Thus, Document #133 pertained

24   only to the claims that were not bifurcated and did not encompass defendants

25   Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not

26   object to Document 161 and did not address this issue on appeal. The Seventh

27   Amendment and the Federal Rules of Civil Procedure incorporate the principle

28   that cases be decided on their merits. Defendants' construction of Document #133

is empty of any reason or equity. Additionally, the clerk's docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D. 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

Overbroad must be explained. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

You must explain why the request or interrogatory calls for speculation. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities").

These requests for admission are asking for a response with regard to the defendants' knowledge and therefore are not asking for a speculative answer. If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"); *Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.") Rule 36 permits requests for admission as to the application of law to fact, or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015 U.S. Dist .Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) ("With respect to defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36 permits requests for admission as to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A)".)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This issue is premature as the motion for clarification of the status of the Supervisor Defendants is pending before the District Court.  Further, Defendants have requested that the *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed pending the outcome of the liability phase.

Following the Parties meet and confer efforts and the informal discovery conferences, this Court recommended that Plaintiff file a motion for clarification

with an *ex parte* application shortening time for the motion to be heard.  On June 2, 2017, during the last informal discovery conference, the Court indicated that after conferring with the District Court, the District Court generally stays all discovery on claims relating to supervisory liability and *Monell* liability pending the outcome of the underlying use of force claim.  Defendants have requested the same in their Opposition.  As a result, Plaintiff's joint stipulation as to these Supervisory Defendants is premature and may be mooted pending the outcome of Plaintiff's motion, set to be heard on July 3, 2017.

The instant dispute arises from the March 21, 2014 Final Pretrial Conference Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have been served and appeared.  All other parties named in the pleadings and not identified in the preceding paragraphs are now dismissed."

On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and Pre-Trial dates for the re-trial of this matter.

From March 27, 2017 to April 6, 2017, Plaintiff served various discovery requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9 sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets), and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of this stipulation.  Several of the requests are overbroad for the instant action.  The Individual Supervisor Defendants objected to the discovery requests on the basis that they have been dismissed since they were not identified in the March 21, 2014 Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a "pretrial order generally supersedes the pleadings, and the parties are bound by its contents." *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The

Final Pretrial Order explicitly notes that it "All other parties named in the pleadings and not identified in the preceding paragraphs are now dismissed" and the Order "shall supersede the pleadings í " (Dkt. 133, ¶¶ 1, 14).

Plaintiff contends that the Supervisor Defendants have not been dismissed because they were identified in the Judgment After Trial By Jury (Dkt. No. 163). Based on the plain language of paragraph 1 contained in the Final Pretrial Conference Order, the Supervisor Defendants are dismissed.  In his Motion for clarification, Plaintiff states that the Final Pretrial Conference Order was a result of Plaintiff's attorney's drafting "error", that the Supervisor Defendants were "inadvertently subtracted from paragraph 1 of the Pretrial Conference Order." Pl. Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

Based on the foregoing, Plaintiff's joint stipulation as to these Individual Supervisory Defendants is premature and may become unnecessary pending the outcome of Plaintiff's clarification motion, which is set to be heard on July 3, 2017.

REQUEST FOR ADMISSION NO. 4:

Before May 13, 2009, I, Leroy Baca, was aware that Lt. Mark McCorkle was in the process of preparing what ultimately became a 7-page report to Stephen B. Johnson and Robert J. Olmstead, dated November 23, 2009 (a true and correct copy of which is attached to these requests).

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Objections: Leroy Baca objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper. Leroy Baca further objects on the ground that the request is vague and ambiguous.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

1  Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have
2  been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the
3  Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a
4  manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which
5  states that the supervisory and municipal liability claims are ordered bifurcated.
6  Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by
7  Document No. 161, a minute order in which the Court grants judgment as a
8  matter of law on plaintiffs third and fourth claims for supervisory and municipal
9  liability. Because the third and fourth claims were bifurcated pursuant to the
10  defendants motion on February 6, 2014, there would be a separate Pretrial Order
11  for those claims should they proceed to trial. Thus, Document #133 pertained
12  only to the claims that were not bifurcated and did not encompass defendants
13  Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not
14  object to Document 161 and did not address this issue on appeal. The Seventh
15  Amendment and the Federal Rules of Civil Procedure incorporate the principle
16  that cases be decided on their merits. Defendants construction of Document #133
17  is empty of any reason or equity. Additionally, the clerks docket reflects that
18  these defendants are still defendants in this action.

19  This admission is non-responsive. An admission, denial or specific reason
20  why, at minimum, a qualified answer has not been provided must be provided.
21  *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a
22  request for admission imprecise, he should set forth a qualified answer that fairly
23  meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D, 257,
24  262 (E.D. Va. 2005). You must admit, deny or explain why an objection is
25  considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex*
26  *rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t
27  is not ground for objection that the request is "ambiguous" unless so ambiguous
28  that the responding party cannot, in good faith, frame an intelligent reply. Parties

1   should "admit to the fullest extent possible, and explain in detail why other

2   portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D.

3   675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or

4   ambiguous has the burden to show such vagueness or ambiguity."

5        In our meet and confers, and now in this document, Plaintiff requests

6   responses to RFAs without objections.

7   **DEFENDANTS' RESPONSES**

8        This issue is premature as the motion for clarification of the status of the

9   Supervisor Defendants is pending before the District Court.  Further, Defendants

10   have requested that the *Monell* and supervisor liability claims be bifurcated for

11   trial with discovery stayed pending the outcome of the liability phase.

12        Following the Parties meet and confer efforts and the informal discovery

13   conferences, this Court recommended that Plaintiff file a motion for clarification

14   with an *ex parte* application shortening time for the motion to be heard.  On June

15   2, 2017, during the last informal discovery conference, the Court indicated that

16   after conferring with the District Court, the District Court generally stays all

17   discovery on claims relating to supervisory liability and *Monell* liability pending

18   the outcome of the underlying use of force claim.  Defendants have requested the

19   same in their Opposition.  As a result, Plaintiff's joint stipulation as to these

20   Supervisory Defendants is premature and may be mooted pending the outcome of

21   Plaintiff's motion, set to be heard on July 3, 2017.

22        The instant dispute arises from the March 21, 2014 Final Pretrial Conference

23   Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the

24   remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and

25   Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have

26   been served and appeared.  All other parties named in the pleadings and not

27   identified in the preceding paragraphs are now dismissed."

28

1         On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff

2    filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and

3    remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and

4    Pre-Trial dates for the re-trial of this matter.

5         From March 27, 2017 to April 6, 2017, Plaintiff served various discovery

6    requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9

7    sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),

8    and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of

9    this stipulation.  Several of the requests are overbroad for the instant action.  The

10   Individual Supervisor Defendants objected to the discovery requests on the basis

11   that they have been dismissed since they were not identified in the March 21, 2014

12   Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a

13   õpretrial order generally supersedes the pleadings, and the parties are bound by its

14   contents.ö *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The

15   Final Pretrial Order explicitly notes that it õAll other parties named in the pleadings

16   and not identified in the preceding paragraphs are now dismissedö and the Order

17   õshall supersede the pleadings í  ö (Dkt. 133, ¶¶ 1, 14).

18        Plaintiff contends that the Supervisor Defendants have not been dismissed

19   because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).

20   Based on the plain language of paragraph 1 contained in the Final Pretrial

21   Conference Order, the Supervisor Defendants are dismissed.  In his Motion for

22   clarification, Plaintiff states that the Final Pretrial Conference Order was a result of

23   Plaintifføs attorneyøs drafting õerrorö, that the Supervisor Defendants were

24   õinadvertently subtracted from paragraph 1 of the Pretrial Conference Order.ö  Pl.

25   Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

26        Based on the foregoing, Plaintifføs joint stipulation as to these Individual

27   Supervisory Defendants is premature and may become unnecessary pending the

28

1  outcome of Plaintiff's clarification motion, which is set to be heard on July 3,

2  2017.

3

4  REQUEST FOR ADMISSION NO. 5:

5       Before May 13, 2009, I, Leroy Baca, was aware that LASD used the Force

6  Documentation protocol (a true and correct copy of which is attached to these

7  requests) to train deputies.

8  RESPONSE TO REQUEST FOR ADMISSION NO. 5:

9       Objections: Leroy Baca objects on the basis that he has been dismissed and

10  is no longer a defendant in this action; accordingly, the requests is improper.

11  Leroy Baca further objects on the ground that the request is overbroad as to scope

12  and time; vague and ambiguous; calls for a legal conclusion; compound.

13  PLAINTIFF'S ARGUMENT FOR DISCLOSURE

14       Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have

15  been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the

16  Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a

17  manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which

18  states that the supervisory and municipal liability claims are ordered bifurcated.

19  Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by

20  Document No. 161, a minute order in which the Court grants judgment as a

21  matter of law on plaintiff's third and fourth claims for supervisory and municipal

22  liability. Because the third and fourth claims were bifurcated pursuant to the

23  defendants' motion on February 6, 2014, there would be a separate Pretrial Order

24  for those claims should they proceed to trial. Thus, Document #133 pertained

25  only to the claims that were not bifurcated and did not encompass defendants

26  Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not

27  object to Document 161 and did not address this issue on appeal. The Seventh

28  Amendment and the Federal Rules of Civil Procedure incorporate the principle

that cases be decided on their merits. Defendants¢ construction of Document #133 is empty of any reason or equity. Additionally, the clerk¢s docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter

of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

Rule 36 permits requests for admission as to the application of law to fact, or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015 U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) (õWith respect to defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36 permits requests for admission as to õfacts, the application of law to fact, or opinions about either.ö Fed. R. Civ. P. 36(a)(1)(A)ö.)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

REQUEST FOR ADMISSION NO. 6:

The objective for use of force against an inmate by a deputy in a custody (i.e., jail) setting is to gain or maintain control of the inmate.

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Objections: Leroy Baca objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper. Leroy Baca further objects on the ground that the request is vague and ambiguous as to "objective," "use of force," and "control"; overbroad as to scope and time; compound; calls for a legal conclusion.

PLAINTIFFøS ARGUMENT FOR DISCLOSURE

Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which states that the supervisory and municipal liability claims are ordered bifurcated. Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by Document No. 161, a minute order in which the Court grants judgment as a matter of law on plaintifføs third and fourth claims for supervisory and municipal

liability. Because the third and fourth claims were bifurcated pursuant to the defendants' motion on February 6, 2014, there would be a separate Pretrial Order for those claims should they proceed to trial. Thus, Document #133 pertained only to the claims that were not bifurcated and did not encompass defendants Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not object to Document 161 and did not address this issue on appeal. The Seventh Amendment and the Federal Rules of Civil Procedure incorporate the principle that cases be decided on their merits. Defendants' construction of Document #133 is empty of any reason or equity. Additionally, the clerk's docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter

1   of the admission do not create a compound request. The explanatory phrases are

2   necessary to limit the scope of the request and keep it from being ambiguous.

3        Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466,

4   490 (2014) (ōA party resisting discovery must show specifically how each request

5   is overly broad, unduly burdensome, or oppressive.ö).

6        If claiming a request or interrogatory is compound, you must explain why

7   and provide an answer as possible. *U.S. ex rel. Englund* at 684 (ōA party may not

8   avoid responding based on technicalitiesö). Phrases narrowing the subject matter

9   of the admission do not create a compound request. The explanatory phrases are

10  necessary to limit the scope of the request and keep it from being ambiguous.

11       Rule 36 permits requests for admission as to the application of law to fact,

12  or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015

13  U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) (ōWith respect to

14  defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36

15  permits requests for admission as to ōfacts, the application of law to fact, or

16  opinions about either.ö Fed. R. Civ. P. 36(a)(1)(A)ö.)

17       In our meet and confers, and now in this document, Plaintiff requests

18  responses to RFAs without objections.

19  **DEFENDANTS' RESPONSES**

20       This issue is premature as the motion for clarification of the status of the

21  Supervisor Defendants is pending before the District Court.  Further, Defendants

22  have requested that the *Monell* and supervisor liability claims be bifurcated for

23  trial with discovery stayed pending the outcome of the liability phase.

24       Following the Parties meet and confer efforts and the informal discovery

25  conferences, this Court recommended that Plaintiff file a motion for clarification

26  with an *ex parte* application shortening time for the motion to be heard.  On June

27  2, 2017, during the last informal discovery conference, the Court indicated that

28  after conferring with the District Court, the District Court generally stays all

1   discovery on claims relating to supervisory liability and *Monell* liability pending
2   the outcome of the underlying use of force claim.  Defendants have requested the
3   same in their Opposition.  As a result, Plaintiff's joint stipulation as to these
4   Supervisory Defendants is premature and may be mooted pending the outcome of
5   Plaintiff's motion, set to be heard on July 3, 2017.

6       The instant dispute arises from the March 21, 2014 Final Pretrial Conference
7   Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the
8   remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and
9   Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have
10  been served and appeared.  All other parties named in the pleadings and not
11  identified in the preceding paragraphs are now dismissed."

12      On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff
13  filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and
14  remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and
15  Pre-Trial dates for the re-trial of this matter.

16      From March 27, 2017 to April 6, 2017, Plaintiff served various discovery
17  requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9
18  sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),
19  and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of
20  this stipulation.  Several of the requests are overbroad for the instant action.  The
21  Individual Supervisor Defendants objected to the discovery requests on the basis
22  that they have been dismissed since they were not identified in the March 21, 2014
23  Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a
24  "pretrial order generally supersedes the pleadings, and the parties are bound by its
25  contents." *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The
26  Final Pretrial Order explicitly notes that it "All other parties named in the pleadings
27  and not identified in the preceding paragraphs are now dismissed" and the Order
28  "shall supersede the pleadings … " (Dkt. 133, ¶¶ 1, 14).

Plaintiff contends that the Supervisor Defendants have not been dismissed because they were identified in the Judgment After Trial By Jury (Dkt. No. 163). Based on the plain language of paragraph 1 contained in the Final Pretrial Conference Order, the Supervisor Defendants are dismissed.  In his Motion for clarification, Plaintiff states that the Final Pretrial Conference Order was a result of Plaintiff's attorney's drafting "error", that the Supervisor Defendants were "inadvertently subtracted from paragraph 1 of the Pretrial Conference Order."  Pl. Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

Based on the foregoing, Plaintiff's joint stipulation as to these Individual Supervisory Defendants is premature and may become unnecessary pending the outcome of Plaintiff's clarification motion, which is set to be heard on July 3, 2017.

REQUEST FOR ADMISSION NO. 7:

Force should never be used to punish a pretrial detainee.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Objections: Leroy Baca objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper. Leroy Baca further objects on the ground that the request is vague and ambiguous as to "force" and "punish"; overbroad as to scope and time; not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which states that the supervisory and municipal liability claims are ordered bifurcated. Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by

Document No. 161, a minute order in which the Court grants judgment as a matter of law on plaintiff's third and fourth claims for supervisory and municipal liability. Because the third and fourth claims were bifurcated pursuant to the defendants' motion on February 6, 2014, there would be a separate Pretrial Order for those claims should they proceed to trial. Thus, Document #133 pertained only to the claims that were not bifurcated and did not encompass defendants Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not object to Document 161 and did not address this issue on appeal. The Seventh Amendment and the Federal Rules of Civil Procedure incorporate the principle that cases be decided on their merits. Defendants' construction of Document #133 is empty of any reason or equity. Additionally, the clerk's docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684

1   ("A party may not avoid responding based on technicalities"). Phrases narrowing
2   the subject matter of the admission do not create a compound request. The
3   explanatory phrases are necessary to limit the scope of the request and keep it
4   from being ambiguous.

5       Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466,
6   490 (2014) ("A party resisting discovery must show specifically how each request
7   is overly broad, unduly burdensome, or oppressive.").

8       These requests and interrogatories are relevant to the case at hand. *U.S. ex*
9   *rel. Englund* at 684 ("A party may not avoid responding based on technicalities");
10  *Heller* at 489 ("That a requested document or information will not be admissible
11  or relevant to the merits of a claim or defense is not a proper objection to
12  discovery of the document or information under the Federal Rules if the
13  discovery request is reasonably calculated to lead to the discovery of admissible
14  evidence.")

15      In our meet and confers, and now in this document, Plaintiff requests
16  responses to RFAs without objections.

17  **DEFENDANTS' RESPONSES**

18      This issue is premature as the motion for clarification of the status of the
19  Supervisor Defendants is pending before the District Court.  Further, Defendants
20  have requested that the *Monell* and supervisor liability claims be bifurcated for
21  trial with discovery stayed pending the outcome of the liability phase.

22      Following the Parties meet and confer efforts and the informal discovery
23  conferences, this Court recommended that Plaintiff file a motion for clarification
24  with an *ex parte* application shortening time for the motion to be heard.  On June
25  2, 2017, during the last informal discovery conference, the Court indicated that
26  after conferring with the District Court, the District Court generally stays all
27  discovery on claims relating to supervisory liability and *Monell* liability pending
28  the outcome of the underlying use of force claim.  Defendants have requested the

1   same in their Opposition.  As a result, Plaintiff's joint stipulation as to these

2   Supervisory Defendants is premature and may be mooted pending the outcome of

3   Plaintiff's motion, set to be heard on July 3, 2017.

4       The instant dispute arises from the March 21, 2014 Final Pretrial Conference

5   Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the

6   remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and

7   Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have

8   been served and appeared.  All other parties named in the pleadings and not

9   identified in the preceding paragraphs are now dismissed."

10      On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff

11  filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and

12  remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and

13  Pre-Trial dates for the re-trial of this matter.

14      From March 27, 2017 to April 6, 2017, Plaintiff served various discovery

15  requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9

16  sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),

17  and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of

18  this stipulation.  Several of the requests are overbroad for the instant action.  The

19  Individual Supervisor Defendants objected to the discovery requests on the basis

20  that they have been dismissed since they were not identified in the March 21, 2014

21  Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a

22  "pretrial order generally supersedes the pleadings, and the parties are bound by its

23  contents." *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The

24  Final Pretrial Order explicitly notes that it "All other parties named in the pleadings

25  and not identified in the preceding paragraphs are now dismissed" and the Order

26  "shall supersede the pleadings ... " (Dkt. 133, ¶¶ 1, 14).

27      Plaintiff contends that the Supervisor Defendants have not been dismissed

28  because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).

Based on the plain language of paragraph 1 contained in the Final Pretrial Conference Order, the Supervisor Defendants are dismissed.  In his Motion for clarification, Plaintiff states that the Final Pretrial Conference Order was a result of Plaintiff's attorney's drafting "error", that the Supervisor Defendants were "inadvertently subtracted from paragraph 1 of the Pretrial Conference Order." Pl. Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

Based on the foregoing, Plaintiff's joint stipulation as to these Individual Supervisory Defendants is premature and may become unnecessary pending the outcome of Plaintiff's clarification motion, which is set to be heard on July 3, 2017.

REQUEST FOR ADMISSION NO. 8:

Defendant Owens was following Men's Central Jail longstanding custom on May 13, 2009, when he used force against plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Objections: Leroy Baca objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper. Leroy Baca further objects on the ground that the request is vague and ambiguous as to "Men's Central Jail custom" and "force"; assumes facts not in evidence; compound; calls for a legal conclusion.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which states that the supervisory and municipal liability claims are ordered bifurcated. Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by Document No. 161, a minute order in which the Court grants judgment as a

matter of law on plaintiff's third and fourth claims for supervisory and municipal liability. Because the third and fourth claims were bifurcated pursuant to the defendants' motion on February 6, 2014, there would be a separate Pretrial Order for those claims should they proceed to trial. Thus, Document #133 pertained only to the claims that were not bifurcated and did not encompass defendants Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not object to Document 161 and did not address this issue on appeal. The Seventh Amendment and the Federal Rules of Civil Procedure incorporate the principle that cases be decided on their merits. Defendants' construction of Document #133 is empty of any reason or equity. Additionally, the clerk's docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter

of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

Rule 36 permits requests for admission as to the application of law to fact, or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015 U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) ("With respect to defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36 permits requests for admission as to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A)".

An objection assume facts not in evidence is not applicable in discovery as the whole objective in discovery is to gather information which may not may not later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities");

A claim that the request or interrogatory is argumentative must have explanation or qualification. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities").

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"); *Heller* at 489 ("That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.");

An objection assume facts not in evidence. is not applicable in discovery as

1   the whole objective in discovery is to gather information which may not may not

2   later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 (õA party

3   may not avoid responding based on technicalitiesö)

4         In our meet and confers, and now in this document, Plaintiff requests

5   responses to RFAs without objections.

6   **DEFENDANTS' RESPONSES**

7         This issue is premature as the motion for clarification of the status of the

8   Supervisor Defendants is pending before the District Court.  Further, Defendants

9   have requested that the *Monell* and supervisor liability claims be bifurcated for

10   trial with discovery stayed pending the outcome of the liability phase.

11         Following the Parties meet and confer efforts and the informal discovery

12   conferences, this Court recommended that Plaintiff file a motion for clarification

13   with an *ex parte* application shortening time for the motion to be heard.  On June

14   2, 2017, during the last informal discovery conference, the Court indicated that

15   after conferring with the District Court, the District Court generally stays all

16   discovery on claims relating to supervisory liability and *Monell* liability pending

17   the outcome of the underlying use of force claim.  Defendants have requested the

18   same in their Opposition.  As a result, Plaintifføs joint stipulation as to these

19   Supervisory Defendants is premature and may be mooted pending the outcome of

20   Plaintifføs motion, set to be heard on July 3, 2017.

21         The instant dispute arises from the March 21, 2014 Final Pretrial Conference

22   Order (Dkt. No. 133)(Exhibit õEö).  Paragraph 1 of the Order identifies the

23   remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and

24   Kasey Owens only.  Paragraph 1 further reads that õEach of these parties have

25   been served and appeared.  All other parties named in the pleadings and not

26   identified in the preceding paragraphs are now dismissed.ö

27         On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff

28   filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and

1    remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and

2    Pre-Trial dates for the re-trial of this matter.

3        From March 27, 2017 to April 6, 2017, Plaintiff served various discovery

4    requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9

5    sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),

6    and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of

7    this stipulation.  Several of the requests are overbroad for the instant action.  The

8    Individual Supervisor Defendants objected to the discovery requests on the basis

9    that they have been dismissed since they were not identified in the March 21, 2014

10   Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a

11   õpretrial order generally supersedes the pleadings, and the parties are bound by its

12   contents.ö  *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The

13   Final Pretrial Order explicitly notes that it õAll other parties named in the pleadings

14   and not identified in the preceding paragraphs are now dismissedö and the Order

15   õshall supersede the pleadings í  ö (Dkt. 133, ¶¶ 1, 14).

16       Plaintiff contends that the Supervisor Defendants have not been dismissed

17   because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).

18   Based on the plain language of paragraph 1 contained in the Final Pretrial

19   Conference Order, the Supervisor Defendants are dismissed.  In his Motion for

20   clarification, Plaintiff states that the Final Pretrial Conference Order was a result of

21   Plaintifføs attorneyøs drafting õerrorö, that the Supervisor Defendants were

22   õinadvertently subtracted from paragraph 1 of the Pretrial Conference Order.ö  Pl.

23   Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

24       Based on the foregoing, Plaintifføs joint stipulation as to these Individual

25   Supervisory Defendants is premature and may become unnecessary pending the

26   outcome of Plaintifføs clarification motion, which is set to be heard on July 3,

27   2017.

28

REQUEST FOR ADMISSION NO. 9:

Defendant Kerfoot was following Men's Central Jail longstanding custom on May 13, 2009, when he used force against plaintiff.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Objections: Leroy Baca objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper. Leroy Baca further objects on the ground that the request is vague and ambiguous; argumentative; assumes facts not in evidence.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which states that the supervisory and municipal liability claims are ordered bifurcated. Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by Document No. 161, a minute order in which the Court grants judgment as a matter of law on plaintiff's third and fourth claims for supervisory and municipal liability. Because the third and fourth claims were bifurcated pursuant to the defendants' motion on February 6, 2014, there would be a separate Pretrial Order for those claims should they proceed to trial. Thus, Document #133 pertained only to the claims that were not bifurcated and did not encompass defendants Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not object to Document 161 and did not address this issue on appeal. The Seventh Amendment and the Federal Rules of Civil Procedure incorporate the principle that cases be decided on their merits. Defendants' construction of Document #133 is empty of any reason or equity. Additionally, the clerk's docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason

why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

Rule 36 permits requests for admission as to the application of law to fact, or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015 U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) ("With respect to defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36 permits requests for admission as to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A)". An objection assume facts not in evidence is not applicable in discovery as the whole objective in discovery

is to gather information which may not may not later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

A claim that the request or interrogatory is argumentative must have explanation or qualification. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö).

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö); An objection assume facts not in evidence. is not applicable in discovery as the whole objective in discovery is to gather information which may not may not later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This issue is premature as the motion for clarification of the status of the Supervisor Defendants is pending before the District Court.  Further, Defendants have requested that the *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed pending the outcome of the liability phase.

Following the Parties meet and confer efforts and the informal discovery conferences, this Court recommended that Plaintiff file a motion for clarification with an *ex parte* application shortening time for the motion to be heard.  On June 2, 2017, during the last informal discovery conference, the Court indicated that after conferring with the District Court, the District Court generally stays all

1    discovery on claims relating to supervisory liability and *Monell* liability pending

2    the outcome of the underlying use of force claim.  Defendants have requested the

3    same in their Opposition.  As a result, Plaintiff's joint stipulation as to these

4    Supervisory Defendants is premature and may be mooted pending the outcome of

5    Plaintiff's motion, set to be heard on July 3, 2017.

6        The instant dispute arises from the March 21, 2014 Final Pretrial Conference

7    Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the

8    remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and

9    Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have

10   been served and appeared.  All other parties named in the pleadings and not

11   identified in the preceding paragraphs are now dismissed."

12       On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff

13   filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and

14   remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and

15   Pre-Trial dates for the re-trial of this matter.

16       From March 27, 2017 to April 6, 2017, Plaintiff served various discovery

17   requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9

18   sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),

19   and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of

20   this stipulation.  Several of the requests are overbroad for the instant action.  The

21   Individual Supervisor Defendants objected to the discovery requests on the basis

22   that they have been dismissed since they were not identified in the March 21, 2014

23   Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a

24   "pretrial order generally supersedes the pleadings, and the parties are bound by its

25   contents."  *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The

26   Final Pretrial Order explicitly notes that it "All other parties named in the pleadings

27   and not identified in the preceding paragraphs are now dismissed" and the Order

28   "shall supersede the pleadings ... " (Dkt. 133, ¶¶ 1, 14).

1    Plaintiff contends that the Supervisor Defendants have not been dismissed

2 because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).

3 Based on the plain language of paragraph 1 contained in the Final Pretrial

4 Conference Order, the Supervisor Defendants are dismissed.  In his Motion for

5 clarification, Plaintiff states that the Final Pretrial Conference Order was a result of

6 Plaintiff's attorney's drafting "error" that the Supervisor Defendants were

7 "inadvertently subtracted from paragraph 1 of the Pretrial Conference Order."  Pl.

8 Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

9    Based on the foregoing, Plaintiff's joint stipulation as to these Individual

10 Supervisory Defendants is premature and may become unnecessary pending the

11 outcome of Plaintiff's clarification motion, which is set to be heard on July 3,

12 2017.

13

14 REQUEST FOR ADMISSION NO. 10:

15    On May 13, 2009, defendant Owens was responsible for becoming familiar

16 with the policies and guidelines set by the LASD regarding the use of force.

17 RESPONSE TO REQUEST FOR ADMISSION NO. 10:

18    Objections: Leroy Baca objects on the basis that he has been dismissed and

19 is no longer a defendant in this action; accordingly, the requests is improper.

20 Leroy Baca further objects on the ground that the request is vague and

21 ambiguous; overbroad as to scope; compound.

22 PLAINTIFF'S ARGUMENT FOR DISCLOSURE

23    Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have

24 been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the

25 Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a

26 manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which

27 states that the supervisory and municipal liability claims are ordered bifurcated.

28 Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by

Document No. 161, a minute order in which the Court grants judgment as a matter of law on plaintiff's third and fourth claims for supervisory and municipal liability. Because the third and fourth claims were bifurcated pursuant to the defendants' motion on February 6, 2014, there would be a separate Pretrial Order for those claims should they proceed to trial. Thus, Document #133 pertained only to the claims that were not bifurcated and did not encompass defendants Baca, Burns, Cavanaugh, Cruz or the County.

Additionally, defendants did not object to Document 161 and did not address this issue on appeal. The Seventh Amendment and the Federal Rules of Civil Procedure incorporate the principle that cases be decided on their merits. Defendants' construction of Document #133 is empty of any reason or equity. Additionally, the clerk's docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D. 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

1    If claiming a request or interrogatory is compound, you must explain why

2    and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

3    avoid responding based on technicalitiesö). Phrases narrowing the subject matter

4    of the admission do not create a compound request. The explanatory phrases are

5    necessary to limit the scope of the request and keep it from being ambiguous.

6    Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466,

7    490 (2014) (õA party resisting discovery must show specifically how each request

8    is overly broad, unduly burdensome, or oppressive.ö).

9    Rule 36 permits requests for admission as to the application of law to fact,

10   or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015

11   U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) (õWith respect to

12   defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36

13   permits requests for admission as to õfacts, the application of law to fact, or

14   opinions about either.ö Fed. R. Civ. P. 36(a)(1)(A)ö.

15   An objection assume facts not in evidence is not applicable in discovery as

16   the whole objective in discovery is to gather information which may not may not

17   later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 (õA party

18   may not avoid responding based on technicalitiesö);

19   A claim that the request or interrogatory is argumentative must have

20   explanation or qualification. *U.S. ex rel. Englund* at 684 (õA party may not avoid

21   responding based on technicalitiesö).

22   These requests and interrogatories are relevant to the case at hand. *U.S. ex*

23   *rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

24   *Heller* at 489 (õThat a requested document or information will not be admissible

25   or relevant to the merits of a claim or defense is not a proper objection to

26   discovery of the document or information under the Federal Rules if the

27   discovery request is reasonably calculated to lead to the discovery of admissible

28   evidence.ö);

**2:13-cv-03401-JFW-SSx**                    **199**

1   An objection assume facts not in evidence. is not applicable in discovery as

2   the whole objective in discovery is to gather information which may not may not

3   later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 (õA party

4   may not avoid responding based on technicalitiesö)

5   In our meet and confers, and now in this document, Plaintiff requests

6   responses to RFAs without objections.

7   **DEFENDANTS' RESPONSES**

8   This issue is premature as the motion for clarification of the status of the

9   Supervisor Defendants is pending before the District Court.  Further, Defendants

10  have requested that the *Monell* and supervisor liability claims be bifurcated for

11  trial with discovery stayed pending the outcome of the liability phase.

12  Following the Parties meet and confer efforts and the informal discovery

13  conferences, this Court recommended that Plaintiff file a motion for clarification

14  with an *ex parte* application shortening time for the motion to be heard.  On June

15  2, 2017, during the last informal discovery conference, the Court indicated that

16  after conferring with the District Court, the District Court generally stays all

17  discovery on claims relating to supervisory liability and *Monell* liability pending

18  the outcome of the underlying use of force claim.  Defendants have requested the

19  same in their Opposition.  As a result, Plaintifføs joint stipulation as to these

20  Supervisory Defendants is premature and may be mooted pending the outcome of

21  Plaintifføs motion, set to be heard on July 3, 2017.

22  The instant dispute arises from the March 21, 2014 Final Pretrial Conference

23  Order (Dkt. No. 133)(Exhibit õEö).  Paragraph 1 of the Order identifies the

24  remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and

25  Kasey Owens only.  Paragraph 1 further reads that õEach of these parties have

26  been served and appeared.  All other parties named in the pleadings and not

27  identified in the preceding paragraphs are now dismissed.ö

28

On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and Pre-Trial dates for the re-trial of this matter.

From March 27, 2017 to April 6, 2017, Plaintiff served various discovery requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9 sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets), and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of this stipulation.  Several of the requests are overbroad for the instant action.  The Individual Supervisor Defendants objected to the discovery requests on the basis that they have been dismissed since they were not identified in the March 21, 2014 Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a ̈pretrial order generally supersedes the pleadings, and the parties are bound by its contents.̈  *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The Final Pretrial Order explicitly notes that it ̈All other parties named in the pleadings and not identified in the preceding paragraphs are now dismissed̈ and the Order ̈shall supersede the pleadings í   ̈ (Dkt. 133, ¶¶ 1, 14).

Plaintiff contends that the Supervisor Defendants have not been dismissed because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).  Based on the plain language of paragraph 1 contained in the Final Pretrial Conference Order, the Supervisor Defendants are dismissed.  In his Motion for clarification, Plaintiff states that the Final Pretrial Conference Order was a result of Plaintiff ́s attorney ́s drafting ̈error̈, that the Supervisor Defendants were ̈inadvertently subtracted from paragraph 1 of the Pretrial Conference Order.̈  Pl. Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

Based on the foregoing, Plaintiff ́s joint stipulation as to these Individual Supervisory Defendants is premature and may become unnecessary pending the

outcome of Plaintiff's clarification motion, which is set to be heard on July 3, 2017.

REQUEST FOR ADMISSION NO. 11:

On May 13, 2009, defendant Kerfoot was responsible for becoming familiar with the policies and guidelines set by the LASD regarding the use of force.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Objections: Leroy Baca objects on the basis that he has been dismissed and is no longer a defendant in this action; accordingly, the requests is improper. Leroy Baca further objects on the ground that the request is vague and ambiguous; overbroad as to scope; compound.

PLAINTIFF'S ARGUMENT FOR DISCLOSURE

Defendants claim that defendants Baca, Burns, Cavanaugh and Cruz have been dismissed from this action. Defendants are mistaken. To construe ¶ 2 of the Pretrial Order (Doc. #133) as effecting a dismissal of these defendants is a manifest injustice. Paragraph 2 s irreconcilably inconsistent with ¶ 13, which states that the supervisory and municipal liability claims are ordered bifurcated. Construing ¶ 2 as effecting a complete dismissal of these defendants is refuted by Document No. 161, a minute order in which the Court grants judgment as a matter of law on plaintiff's third and fourth claims for supervisory and municipal liability. Because the third and fourth claims were bifurcated pursuant to the defendants' motion on February 6, 2014, there would be a separate Pretrial Order for those claims should they proceed to trial. Thus, Document #133 pertained only to the claims that were not bifurcated and did not encompass defendants Baca, Burns, Cavanaugh, Cruz or the County. Additionally, defendants did not object to Document 161 and did not address this issue on appeal. The Seventh Amendment and the Federal Rules of Civil Procedure incorporate the principle

that cases be decided on their merits. Defendants' construction of Document #133 is empty of any reason or equity. Additionally, the clerk's docket reflects that these defendants are still defendants in this action.

This admission is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); "If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request." *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted."); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 ("A party may not avoid responding based on technicalities"). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) ("A party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.").

Rule 36 permits requests for admission as to the application of law to fact, or opinions about [such application]. *See AndCake, Inc. v. Sans Souci LLC,* 2015 U.S.Dist.Lexis 187139 at *9-10 (C.D.Cal. Aug. 15, 2015) ("With respect to

defendant's objection that request numbers 3-5 call for a legal conclusion, Rule 36 permits requests for admission as to õfacts, the application of law to fact, or opinions about either.ö Fed. R. Civ. P. 36(a)(1)(A)ö. An objection assume facts not in evidence is not applicable in discovery as the whole objective in discovery is to gather information which may not may not later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

A claim that the request or interrogatory is argumentative must have explanation or qualification. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö).

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö); *Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö); An objection assume facts not in evidence. is not applicable in discovery as the whole objective in discovery is to gather information which may not may not later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö)

In our meet and confers, and now in this document, Plaintiff requests responses to RFAs without objections.

**DEFENDANTS' RESPONSES**

This issue is premature as the motion for clarification of the status of the Supervisor Defendants is pending before the District Court.  Further, Defendants have requested that the *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed pending the outcome of the liability phase.

1   Following the Parties meet and confer efforts and the informal discovery

2   conferences, this Court recommended that Plaintiff file a motion for clarification

3   with an *ex parte* application shortening time for the motion to be heard.  On June

4   2, 2017, during the last informal discovery conference, the Court indicated that

5   after conferring with the District Court, the District Court generally stays all

6   discovery on claims relating to supervisory liability and *Monell* liability pending

7   the outcome of the underlying use of force claim.  Defendants have requested the

8   same in their Opposition.  As a result, Plaintiff's joint stipulation as to these

9   Supervisory Defendants is premature and may be mooted pending the outcome of

10  Plaintiff's motion, set to be heard on July 3, 2017.

11  The instant dispute arises from the March 21, 2014 Final Pretrial Conference

12  Order (Dkt. No. 133)(Exhibit "E").  Paragraph 1 of the Order identifies the

13  remaining parties as Plaintiff Eric White and Defendants Matthew Kerfoot and

14  Kasey Owens only.  Paragraph 1 further reads that "Each of these parties have

15  been served and appeared.  All other parties named in the pleadings and not

16  identified in the preceding paragraphs are now dismissed."

17  On May 27, 2014, after the trial concluded with a defense verdict, Plaintiff

18  filed his Notice of Appeal.  On January 27, 2017, the Ninth Circuit reversed and

19  remanded this case.  On March 2, 2017, the Court issued its Schedule of Trial and

20  Pre-Trial dates for the re-trial of this matter.

21  From March 27, 2017 to April 6, 2017, Plaintiff served various discovery

22  requests to Marvin Cavanaugh (4 sets), Leroy Baca (5 sets), Matthew Kerfoot (9

23  sets), Casey Owens (7 sets), Daniel Cruz (4 sets), County of Los Angeles (11 sets),

24  and Dennis Burns (4 sets), which consists of over 200 requests that is the subject of

25  this stipulation.  Several of the requests are overbroad for the instant action.  The

26  Individual Supervisor Defendants objected to the discovery requests on the basis

27  that they have been dismissed since they were not identified in the March 21, 2014

28  Final Pretrial Conference Order (Exhibit E).  As the Ninth Circuit recognizes, a

õpretrial order generally supersedes the pleadings, and the parties are bound by its contents.ö *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993).  The Final Pretrial Order explicitly notes that it õAll other parties named in the pleadings and not identified in the preceding paragraphs are now dismissedö and the Order õshall supersede the pleadings í   ö (Dkt. 133, ¶¶ 1, 14).

Plaintiff contends that the Supervisor Defendants have not been dismissed because they were identified in the Judgment After Trial By Jury (Dkt. No. 163).  Based on the plain language of paragraph 1 contained in the Final Pretrial Conference Order, the Supervisor Defendants are dismissed.  In his Motion for clarification, Plaintiff states that the Final Pretrial Conference Order was a result of Plaintifføs attorneyøs drafting õerrorö, that the Supervisor Defendants were õinadvertently subtracted from paragraph 1 of the Pretrial Conference Order.ö  Pl. Mtn. at 7:17; 8:1-4 (Dkt. No. 216).

Based on the foregoing, Plaintifføs joint stipulation as to these Individual Supervisory Defendants is premature and may become unnecessary pending the outcome of Plaintifføs clarification motion, which is set to be heard on July 3, 2017.

## IV. County of Los Angeles

### A. Request For Production, Set Two 12, 13, 14 and Set Six

Plaintiff requests substantive answers to these requests.

REQUEST FOR PRODUCTION NO. 12.: All findings, conclusions, and recommendations, made by anyone, in the possession of the defendants, concerning any use of force incident in which Defendant Owens was involved, based on any incident occurring during his tenure as an employee of the LASD.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Objections: this request is duplicative of Plaintiff's Supplemental Requests for

Identification and Production of Documents served on March 27, 2017 and is therefore is unduly burdensome and improper; overbroad; not reasonably calculated to lead to the discovery of admissible evidence; fails to designate documents sought with reasonable particularity; vague and ambiguous; seeks documents protected from disclosure by California Penal Code§§ 832.5 et seq., California Evidence Code§§ 1040 et seq., and the Peace Office Bill of Rights, California Government Code §§ 3300 through 3312 ("POBR"); seeks documents protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("I-IlPAA"); seeks documents protected from disclosure by the official information privilege (see, Declaration of Lt. Maxine Kallenberger served on April 26, 2017).

Without waiving the forgoing objections and subject thereto, Defendant hereby responds as follows: Subject to a protective order agreed upon by the parties, Defendant already produced responsive materials in January 2014 as Bates Nos. 1 through 47978.

PLAINTIFF¢S ARGUMENT FOR DISCLOSURE

This response is non-responsive. An admission, denial or specific reason why, at minimum, a qualified answer has not been provided must be provided. *See* Fed. R.Civ. P. 36(a)(4); õIf the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request.ö *House v. Giant of Md.*, LLC, 232 F.R.D, 257, 262 (E.D. Va. 2005). You must admit, deny or explain why an objection is considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D.

1  675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or

2  ambiguous has the burden to show such vagueness or ambiguity.ö

3      If claiming a request or interrogatory is compound, you must explain why

4  and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

5  avoid responding based on technicalitiesö). Phrases narrowing the subject matter

6  of the admission do not create a compound request. The explanatory phrases are

7  necessary to limit the scope of the request and keep it from being ambiguous.

8      Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466,

9  490 (2014) (õA party resisting discovery must show specifically how each request

10  is overly broad, unduly burdensome, or oppressive.ö). You must explain why the

11  request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 (õA

12  party may not avoid responding based on technicalitiesö).

13      These requests for admission are asking for a response with regard to the

14  defendantsø knowledge and therefore are not asking for a speculative answer.

15  If claiming a request or interrogatory is compound, you must explain why and

16  provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not

17  avoid responding based on technicalitiesö). Phrases narrowing the subject matter

18  of the admission do not create a compound request. The explanatory phrases are

19  necessary to limit the scope of the request and keep it from being ambiguous.

20      These requests and interrogatories are relevant to the case at hand. *U.S. ex*

21  *rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

22  *Heller* at 489 (õThat a requested document or information will not be admissible

23  or relevant to the merits of a claim or defense is not a proper objection to

24  discovery of the document or information under the Federal Rules if the

25  discovery request is reasonably calculated to lead to the discovery of admissible

26  evidence.ö);

27      An objection assume facts not in evidence. is not applicable in discovery as

28  the whole objective in discovery is to gather information which may not may not

later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

A claim that the request or interrogatory is argumentative must have explanation or qualification. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö).

State privilege law does not govern discovery issues in federal § 1983 cases. *See Kerr v. U.S. District Court for the N. Dist. of Cal.,* 511 F.2d 192, 197 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Crowe v. County of San Diego,* 242 F.Supp.2d 740, 749ö50 (S.D.Cal.2003); *Kelly v. City of San Jose,* 114 F.R.D. 653, 655ö56 (N.D.Cal.1987); *see also* Fed.R.Evid. 501; *Miller,* 141 F.R.D. at 299. õIn civil rights cases brought under federal statutes, questions of privilege are resolved by federal law.ö *Hampton v. City of San Diego,* 147 F.R.D. 227, 228, 230 (S.D.Cal.1993) (citing *Kerr,* 511 F.2d at 197); *Miller,* 141 F.R.D. at 298ö99 (comparing federal and California discovery rules at length, finding direct conflicts between them, and holding that federal discovery rules govern § 1983 civil rights actions). õThis theme has been interpreted by the Ninth Circuit to include the discovery of personnel files, despite claims of state-created privileges.ö *Miller,* 141 F.R.D. at 297. *Bryant v. Armstrong,* 285 F.R.D. 596, 604, (S.D.Cal. 2012).

To determine whether information in government personnel files is subject to the official information privilege, federal courts weigh the potential benefits of disclosure against the potential disadvantages. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033ö34 (9th Cir.1990). In civil rights cases against corrections officials, this balancing approach is moderately õpre-weight[ed] in favor of disclosure.ö *Kelly,* 114 F.R.D. at 661. Before courts engage in this balancing, however, the party asserting the privilege must make a õsubstantial threshold showing.ö *Soto,* 162 F.R.D. at 613. Specifically, the party must serve an objection to each discovery request that explicitly õinvokes the official information

privilege by name.ö *Kelly,* 114 F.R.D. at 669. The withholding party must also serve the requesting party a privilege log or an equivalent that specifically identifies the information that is purportedly protected from disclosure. *Hampton,* 147 F.R.D. at 230. To support each objection, the party alleging privilege must submit an affidavit from a responsible official making several specific affirmations as to the confidentiality of the information. *Kelly,* 114 F.R.D. at 669ó 70. If the nondisclosing party does not meet this initial burden of establishing cause to apply the privilege, the court must order disclosure of the documents; if the party meets this initial burden, the court generally conducts an in camera review of the material and balance each party's interests. *Soto,* 162 F.R.D. at 613; *Kelly,* 114 F.R.D. at 671. Defendants have failed to surmount pass initial threshold because they have failed to identify the documents with the required specificity.

A party may not make a blanket assertion of privilege in response to a discovery request. See, e.g., Fed. R. Civ. Proc. 26(b)(5) (õWhen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protectionö); *Lappin v. Gwartney,* No. CIV. A. 99ó2292óKHV, 2001 WL 185167, * 4 (D.Kan. Feb.20, 2001) (õA ÷blanketø claimø as to applicability of the [attorney-client] privilege does not satisfy the burden of proofö); *Fears v. Wal–Mart Stores, Inc.,* No. 99ó5156óJLW. 2000 WL 1679418, * 4 (D.Kan. Oct.13, 2000) (stating that defendant õalso objected on the grounds that the request ÷seeks information protected by attorney/client privilege and/or attorney work product.øIt did not identify the claimed privileged or protected documents in any way, either in its initial

responses or in its response to the Show Cause Order. Nor did it provide a privilege log to Plaintiff.... The Court ... overrule[s] the objections as to attorney client privilege and work product protection. As the party asserting the attorney client privilege and work product immunity, Defendant has the burden to establish that the privilege/immunity applies. To carry that burden, Defendant must make a 'clear showing' that the asserted objection applies.... [The] party asserting the objection must 'describe in detail' the documents or information sought to be protected.... A 'blanket claim' as to the applicability of the privilege/work product doctrine does not satisfy the burden of proof"); *Eureka Financial Corp. v. Hartford Accident and Indemnity Co.,* 136 F.R.D. 179, 182–83 (E.D.Cal.1991) ("Whether a responding party states a general objection to an entire discovery document on the basis of privilege, or generally asserts a privilege objection within an individual discovery response, the resulting 'blanket objection' is decidedly improper"); *Emerson Electric Co. v. Ouellette,* No. Civ.A. 96–364–B, 1998 WL 34088465, * 7 (D.N.H. May 12, 1998) ("... a blanket claim of privilege is generally an inadequate response to a discovery request"); *Glaxo, Inc. v. Torphram, Inc.,* No. 95 C 4686, 1996 WL 411487, * 5 (N.D.Ill. July 18, 1996) ("Blanket assertions of privilege are insufficient to avoid discovery; instead, documents must be described with particularity and must be accompanied by a particularized assertion of privilege"). *Green v. Baca,* 219 F.R.D. 485, 491, (C.D. Cal. 2003). With respect to all privilege claims the documents have not been sufficiently described for the privilege to be asserted and the privilege claims are wavied. The HIPAA privilege assertions are meaningless and frivolous.

It is undisputed that the information sought is relevant. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed. 2d 253 (1978). See,

1  e.g., Ninth Circuit Manual of Model Civil Jury Instructions, Nos. 9.3, 9.4, 9.5, 9.6

2  and 9.7.

3       The "official information privilege" is insufficient to block disclosure of

4  the information pursuant to a protective order. *See Ramirez v. County of Los*

5  *Angeles*, 231 F.R.D. 407, 411 (C.D. Cal. 2005). Even if it were an effective

6  privilege, which it is not (notwithstanding that the defendant has failed to

7  demonstrate any of the requirements necessary to establish a prima facie case that

8  this privilege is applicable), a protective order could be fashioned that would

9  protect the defendant's interests. A general objection that the request seeks

10  protected information is not sufficient enough to meet the threshold test for

11  invoking the official information privilege. *Soto v. Concord*, 162 F.R.D. 603

12  (N.D.Cal. 1995). The deliberative process privilege (assuming that this is what

13  the objections, which refer to a "deliberate process privilege," are referring to) is

14  in no way applicable to this case. *See Kelly v. City of San Jose*, 114 F.R.D. 653,

15  658-659 (N.D.Cal. 1987). The Kallenberger declaration is inadequate. It is

16  conclusory and does not describe the documents with particularity. It relies on

17  inapplicable state law. It is clear that the interests in justice and disclosure

18  outweigh any privacy interests articulated by Ms. Kallenberger. *See Soto v. City*

19  *of Concord*, 162 F.R.D. 603, 617 (N.D.Cal. 1995). In our meet and confers, and

20  now in this document, Plaintiff requests production of documents and a response

21  specifically stating whether documents have been produced, and if so, the specific

22  identification of the document, and whether there are any documents being

23  withheld.

24  **<u>DEFENDANTS' RESPONSES</u>**

25       The response to this request has already been supplemented on June 15,

26  2017 as agreed upon by the Parties.  The supplemental response states:

27       Objections: this request is duplicative of Plaintiff's Supplemental Requests

28  for Identification and Production of Documents served on March 27, 2017 and is

1  therefore is unduly burdensome and improper; this request is overbroad as it

2  seeks documents regarding incidents that occurred after the incident that is the

3  subject matter of this action and is not relevant to the Parties¢ claim or defense

4  nor proportional to the needs of the case; seeks documents protected from

5  disclosure by attorney-client privilege, attorney work product privilege,

6  California Penal Code §§ 832.5 et seq., California Evidence Code §§ 1040 et seq.,

7  and the Peace Office Bill of Rights, California Government Code §§ 3300

8  through 3312 (õPOBRö); seeks documents protected from disclosure by the

9  official information privilege (*see,* Declaration of Lt. Maxine Kallenberger served

10  on April 26, 2017).  Accordingly, documents regarding incidents that occurred

11  after the date of the incident in this matter are not produced.

12      Without waiving the forgoing objections and subject thereto, Defendant

13  hereby responds as follows: Subject to a protective order agreed upon by the

14  parties, Defendant already produced all responsive materials from Defendant

15  Owen¢s start of employment up to May 13, 2009 as Bates Nos. 2948 through

16  3839.

17      All responsive documents up to and including the date of the incident have

18  been produced, as clarified in the foregoing supplemental response. The request

19  for documents regarding incidents that occurred after the date of the incident is

20  simply not relevant to any party¢s claim or defense and not proportion to the need

21  of the case.  *See* Fed.R.Civ.P. Rule 26(b)(1).  Since Defendant has timely and

22  adequately supplemented this request, the motion to compel as to this request

23  should be denied.  In addition, Defendants have requested that the *Monell* and

24  supervisor liability claims be bifurcated for trial with discovery stayed pending

25  the outcome of the liability phase.

26

27

28

1    REQUEST FOR PRODUCTION NO. 13.:

2         All findings, conclusions, and recommendations, made by anyone, in the

3    possession of the defendants, concerning any use of force incident in which

4    Defendant Kerfoot was involved, based on any incident occurring during his

5    tenure as an employee of the LASD.

6    RESPONSE TO REQUEST FOR PRODUCTION NO.13:

7         Objections: this request is duplicative of Plaintiff's Supplemental Requests

8    for Identification and Production of Documents served on March 27, 2017 and is

9    therefore is unduly burdensome and improper; overbroad; not reasonably

10   calculated to lead to the discovery of admissible evidence; seeks documents

11   protected from disclosure by the official information privilege (see, Declaration

12   of Lt. Maxine Kallenberger served on April 26, 2017); fails to designate

13   documents sought with reasonable particularity; vague and ambiguous; seeks

14   documents protected from disclosure by California Penal Code §§ 832.5 et seq.,

15   California Evidence Code §§ 1040 et seq., and the Peace Office Bill of Rights,

16   California Government Code §§ 3300 through 3312 ("POBR"); seeks documents

17   protected from disclosure by the Health Insurance Portability and Accountability

18   Act of 1996 ("HIPPA"). Without waiving the forgoing objections and subject

19   thereto, Defendant hereby responds as follows: Subject to a protective order

20   agreed upon by the parties, Defendant already produced responsive materials in

21   January 2014 as Bates Nos. 1 through 47978.

22   PLAINTIFF∅S ARGUMENT FOR DISCLOSURE

23        This response is non-responsive. An admission, denial or specific reason

24   why, at minimum, a qualified answer has not been provided must be provided.

25   *See* Fed. R.Civ. P. 36(a)(4); ̈If the responding party finds the wording of a

26   request for admission imprecise, he should set forth a qualified answer that fairly

27   meets the substance of the request. ̈ *House v. Giant of Md.*, LLC, 232 F.R.D, 257,

28   262 (E.D. Va. 2005). You must admit, deny or explain why an objection is

considered vague and ambiguous and answer to the fullest extent possible. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (õ[I]t is not ground for objection that the request is õambiguousö unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should õadmit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.ö); *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (õThe party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.ö

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

Overbroad must be explained. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (2014) (õA party resisting discovery must show specifically how each request is overly broad, unduly burdensome, or oppressive.ö).

You must explain why the request or interrogatory calls for speculation. U.S. ex rel. Englund at 684 (õA party may not avoid responding based on technicalitiesö). These requests for admission are asking for a response with regard to the defendantsø knowledge and therefore are not asking for a speculative answer.

If claiming a request or interrogatory is compound, you must explain why and provide an answer as possible. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö). Phrases narrowing the subject matter of the admission do not create a compound request. The explanatory phrases are necessary to limit the scope of the request and keep it from being ambiguous.

These requests and interrogatories are relevant to the case at hand. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

*Heller* at 489 (õThat a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence.ö);

An objection assume facts not in evidence. is not applicable in discovery as the whole objective in discovery is to gather information which may not may not later become evidence. *See Heller* at 489, *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö);

A claim that the request or interrogatory is argumentative must have explanation or qualification. *U.S. ex rel. Englund* at 684 (õA party may not avoid responding based on technicalitiesö).

State privilege law does not govern discovery issues in federal § 1983 cases. *See Kerr v. U.S. District Court for the N. Dist. of Cal.,* 511 F.2d 192, 197 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Crowe v. County of San Diego,* 242 F.Supp.2d 740, 749õ50 (S.D.Cal.2003); *Kelly v. City of San Jose,* 114 F.R.D. 653, 655õ56 (N.D.Cal.1987); *see also* Fed.R.Evid. 501; *Miller,* 141 F.R.D. at 299. õIn civil rights cases brought under federal statutes, questions of privilege are resolved by federal law.ö *Hampton v. City of San Diego,* 147 F.R.D. 227, 228, 230 (S.D.Cal.1993) (citing *Kerr,* 511 F.2d at 197); *Miller,* 141 F.R.D. at 298õ99 (comparing federal and California discovery rules at length, finding direct conflicts between them, and holding that federal discovery rules govern § 1983 civil rights actions). õThis theme has been interpreted by the Ninth Circuit to include the discovery of personnel files, despite claims of state-created privileges.ö *Miller,* 141 F.R.D. at 297. *Bryant v. Armstrong,* 285 F.R.D. 596, 604, (S.D.Cal. 2012).

13. To determine whether information in government personnel files is subject to the official information privilege, federal courts weigh the potential benefits of

disclosure against the potential disadvantages. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033ô34 (9th Cir.1990). In civil rights cases against corrections officials, this balancing approach is moderately õpre-weight[ed] in favor of disclosure.ö *Kelly,* 114 F.R.D. at 661. Before courts engage in this balancing, however, the party asserting the privilege must make a õsubstantial threshold showing.ö *Soto,* 162 F.R.D. at 613. Specifically, the party must serve an objection to each discovery request that explicitly õinvokes the official information privilege by name.ö *Kelly,* 114 F.R.D. at 669. The withholding party must also serve the requesting party a privilege log or an equivalent that specifically identifies the information that is purportedly protected from disclosure. *Hampton,* 147 F.R.D. at 230. To support each objection, the party alleging privilege must submit an affidavit from a responsible official making several specific affirmations as to the confidentiality of the information. *Kelly,* 114 F.R.D. at 669ô70. If the nondisclosing party does not meet this initial burden of establishing cause to apply the privilege, the court must order disclosure of the documents; if the party meets this initial burden, the court generally conducts an in camera review of the material and balance each party's interests. *Soto,* 162 F.R.D. at 613; *Kelly,* 114 F.R.D. at 671. Defendants have failed to surmount pass initial threshold because they have failed to identify the documents with the required specificity.

A party may not make a blanket assertion of privilege in response to a discovery request. See, e.g., Fed. R. Civ. Proc. 26(b)(5) (õWhen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protectionö); *Lappin v. Gwartney,* No.

CIV. A. 99‑2292‑KHV, 2001 WL 185167, * 4 (D.Kan. Feb.20, 2001) ("A ‑blanket claim" as to applicability of the [attorney-client] privilege does not satisfy the burden of proof"); *Fears v. Wal–Mart Stores, Inc.,* No. 99‑2515‑JLW. 2000 WL 1679418, * 4 (D.Kan. Oct.13, 2000) (stating that defendant "also objected on the grounds that the request ‑seeks information protected by attorney/client privilege and/or attorney work product.' It did not identify the claimed privileged or protected documents in any way, either in its initial responses or in its response to the Show Cause Order. Nor did it provide a privilege log to Plaintiff.... The Court ... overrule[s] the objections as to attorney client privilege and work product protection. As the party asserting the attorney client privilege and work product immunity, Defendant has the burden to establish that the privilege/immunity applies. To carry that burden, Defendant must make a ‑clear showing' that the asserted objection applies.... [The] party asserting the objection must ‑describe in detail' the documents or information sought to be protected.... A ‑blanket claim' as to the applicability of the privilege/work product doctrine does not satisfy the burden of proof"); *Eureka Financial Corp. v. Hartford Accident and Indemnity Co.,* 136 F.R.D. 179, 182‑83 (E.D.Cal.1991) ("Whether a responding party states a general objection to an entire discovery document on the basis of privilege, or generally asserts a privilege objection within an individual discovery response, the resulting ‑blanket objection' is decidedly improper"); *Emerson Electric Co. v. Ouellette,* No. Civ.A. 96‑364‑B, 1998 WL 34088465, * 7 (D.N.H. May 12, 1998) ("... a blanket claim of privilege is generally an inadequate response to a discovery request"); *Glaxo, Inc. v. Torphram, Inc.,* No. 95 C 4686, 1996 WL 411487, * 5 (N.D.Ill. July 18, 1996) ("Blanket assertions of privilege are insufficient to avoid discovery; instead, documents must be described with particularity and must be accompanied by a particularized assertion of privilege"). *Green v. Baca,* 219 F.R.D. 485, 491, (C.D. Cal. 2003). With respect to all privilege claims the documents have not

been sufficiently described for the privilege to be asserted and the privilege

claims are wavied. The HIPAA privilege assertions are meaningless and

frivolous.

It is undisputed that the information sought is relevant. A relevant matter is

"any matter that bears on, or that reasonably could lead to other matters that could

bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed. 2d 253 (1978). See,

e.g., Ninth Circuit Manual of Model Civil Jury Instructions, Nos. 9.3, 9.4, 9.5, 9.6

and 9.7.

The "official information privilege" is insufficient to block disclosure of

the information pursuant to a protective order. *See Ramirez v. County of Los*

*Angeles*, 231 F.R.D. 407, 411 (C.D. Cal. 2005). Even if it were an effective

privilege, which it is not (notwithstanding that the defendant has failed to

demonstrate any of the requirements necessary to establish a prima facie case that

this privilege is applicable), a protective order could be fashioned that would

protect the defendant's interests. A general objection that the request seeks

protected information is not sufficient enough to meet the threshold test for

invoking the official information privilege. *Soto v. Concord*, 162 F.R.D. 603

(N.D.Cal. 1995). The deliberative process privilege (assuming that this is what

the objections, which refer to a "deliberate process privilege," are referring to) is

in no way applicable to this case. *See Kelly v. City of San Jose*, 114 F.R.D. 653,

658-659 (N.D.Cal. 1987). The Kallenberger declaration is inadequate. It is

conclusory and does not describe the documents with particularity. It relies on

inapplicable state law. It is clear that the interests in justice and disclosure

outweigh any privacy interests articulated by Ms. Kallenberger. *See Soto v. City*

*of Concord*, 162 F.R.D. 603, 617 (N.D.Cal. 1995).

**<u>DEFENDANTS' RESPONSES</u>**

The response to this request has already been supplemented on June 15,

1   2017 as agreed upon by the Parties.  The supplemental response states:

2        Objections: this request is duplicative of Plaintiff's Supplemental Requests

3   for Identification and Production of Documents served on March 27, 2017 and is

4   therefore is unduly burdensome and improper; this request is overbroad as it

5   seeks documents regarding incidents that occurred after the incident that is the

6   subject matter of this action and is not relevant to the Parties' claim or defense

7   nor proportional to the needs of the case; seeks documents protected from

8   disclosure by the official information privilege (*see,* Declaration of Lt. Maxine

9   Kallenberger served on April 26, 2017); seeks documents protected from

10  disclosure by attorney-client privilege, attorney work product privilege, and

11  California Penal Code §§ 832.5 et seq., California Evidence Code §§ 1040 et seq.,

12  and the Peace Office Bill of Rights, California Government Code §§ 3300

13  through 3312 ("POBR").  Accordingly, documents regarding incidents that

14  occurred after the date of the incident in this matter are not produced.

15       Without waiving the forgoing objections and subject thereto, Defendant

16  hereby responds as follows: Subject to a protective order agreed upon by the

17  parties, Defendant already produced all responsive materials from Defendant

18  Kerfoot's start of employment up to May 13, 2009 as Bates Nos. 3840 through

19  3932.

20       All responsive documents up to and including the date of the incident have

21  been produced, as clarified in the foregoing supplemental response. The request

22  for documents regarding incidents that occurred after the date of the incident is

23  simply not relevant to any party's claim or defense and not proportion to the need

24  of the case.  *See* Fed.R.Civ.P. Rule 26(b)(1).  Since Defendant has timely and

25  adequately supplemented this request, the motion to compel as to this request

26  should be denied.  In addition, Defendants have requested that the *Monell* and

27  supervisor liability claims be bifurcated for trial with discovery stayed pending

28  the outcome of the liability phase.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21      **B. REQUESTS FOR PRODUCTION Set Two 15-22, Set Three All, Set**

22  **Four All and Set Five All**

23          Defendants failed to provide notification whether they are withholding any

24  documents from this production. Defendants must state whether all documents

25  have been provided or if any are being withheld.

26          In our meet and confers, and now in this document, Plaintiff requests

27  production of documents and a response specifically stating whether documents

28

1  have been produced, and if so, the specific identification of the document, and

2  whether there are any documents being withheld.

1
2
3
4
5
6
7

8    REQUEST FOR PRODUCTION NO. 23:

9          All prepared compilations and analyses of personnel complaints and

10   records of officer misconduct, prepared at any time from OI/01/2004 to the

11   present, concerning the use of excessive force by members of the LASD in the

12   jail setting; "compilations or analyses" as used in this request includes the

13   following:

14         a. Logs of personnel complaints submitted by arrestees, civilians, civilian

15   volunteers, inmates, or other members of the LASD;

16         b. Records of disciplinary action that resulted from an allegation of

17   misconduct - including suspension of any kind, transfers, or any other formal

18   disciplinary action;

19         c. Any written audits or reviews of the use of excessive force by any

20   members of the LASD, including Internal Affairs Bureau audits or reviews;

21         d. Compilations, summaries, statistics, breakdowns, analyses, etc. of

22         complaints against officers regarding the use of excessive force, and

23   disposition thereof;

24         e. All annual or other periodic reports prepared by or for the LASD

25   regarding false arrest by LASD officers; and

26         f. PPis.

27   RESPONSE TO REQUEST FOR PRODUCTION NO.23:

28

1  Objections: this request is duplicative of Plaintiff's Supplemental Requests for

2  Identification and Production ofDocuments served on March 27, 2017 and is

3  therefore is unduly burdensome and improper; overbroad; not reasonably

4  calculated to lead to the discovery of admissible evidence; fails to designate

5  documents sought with reasonable particularity; burdensome; oppressive;

6  harassing; vague and ambiguous; seeks documents protected from disclosure by

7  attorney client privilege, work product privilege, California Penal Code§§ 832.5

8  et seq., California Evidence Code §§ I 040 et seq., and the Peace Office Bill of

9  Rights, California Government Code§§ 3300 through 3312 ("POBR"); seeks

10 documents protected from disclosure by the official information privilege (see,

11 Declaration of Lt. Maxine Kallenberger served on April 26, 2017).

12        **<u>DEFENDANTS' RESPONSES</u>**

13        Plaintiff's request is not relevant to any party's claim or defense and not

14 proportional to the needs of the case as, for example, its seeks all complaints and

15 misconduct against all LASD employees in the jail setting regardless of any

16 causation by any named and unnamed Defendants and as worded is not limited to

17 the relevant period of the alleged incident in 2009.  *See* Fed.R.Civ.P. Rule

18 26(b)(1).  Plaintiff has not articulated the need for the documents or how it is

19 relevant to the Parties' claim or defense.  Accordingly, the motion to compel as to

20 this request should be denied.  In addition, Defendants have requested that the

21 *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed

22 pending the outcome of the liability phase.

23 <u>REQUEST FOR PRODUCTION NO. 25:</u>

24        All internal LASD documents effecting policy changes based upon the

25 report of the Citizen's Commission on Jail Violence

26

27 <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 25:</u>

28

1    Objections: this request is duplicative of Plaintiff's Supplemental Requests

2  for Identification and Production of Documents served on March 27, 2017 and is

3  therefore is unduly burdensome and improper; fails to designate documents

4  sought with reasonable particularity; vague and ambiguous as to "internal LASD

5  documents effecting policy changes"; not reasonably calculated to lead to the

6  discovery of admissible evidence; potentially calls for information protected by

7  the official information privilege and the self-critical analysis privilege (See,

8  Declaration of Lt. Maxine Kallenberger served on April 26, 2017); potentially

9  calls for information protected by attorney-client privilege and the attorney work

10 product doctrine; seeks documents detailing subsequent remedial measures.

11    **DEFENDANTS' RESPONSES**

12    Plaintiff's request is not relevant to any party's claim or defense and not

13 proportional to the needs of the case as, for example, its seeks all internal

14 documents effecting policy changes without limitation as to the type of policies

15 and regardless of any causation to Plaintiff's allegations.  *See* Fed.R.Civ.P. Rule

16 26(b)(1).  Similarly, Plaintiff has not articulated the need for the documents or

17 how it is relevant to the Parties' claim or defense.  Accordingly, the motion to

18 compel as to this request should be denied.

19 REQUEST FOR PRODUCTION NO. 26

20    All internal LASO documents effecting changes in training based upon the

21 report of the Citizen's Commission on Jail Violence.

22 RESPONSE TO REQUEST FOR PRODUCTION NO. 26

23    Objections: this request is duplicative of Plaintiffs Supplemental Requests

24 for Identification and Production of Documents served on March 27, 2017 and is

25 therefore is unduly burdensome and improper; fails to designate documents

26 sought with reasonable particularity; vague and ambiguous as to "internal LASD

27 documents effecting policy changes"; not reasonably calculated to lead to the

28

discovery of admissible evidence; potentially calls for information protected by the official information privilege and the self-critical analysis privilege (See, Declaration of Lt. Maxine Kallenberger served on April 26, 2017); seeks documents detailing subsequent remedial measures; potentially calls for information protected by attorney-client privilege and the attorney work product doctrine.

## **DEFENDANTS' RESPONSES**

Plaintiff's request is not relevant to any party's claim or defense and not proportional to the needs of the case as, for example, its seeks all internal documents effecting changes in training without limitation as to the type of policies and regardless of any causation to Plaintiff's allegations. *See* Fed.R.Civ.P. Rule 26(b)(1). Similarly, Plaintiff has not articulated the need for the documents or how it is relevant to the Parties' claim or defense. Accordingly, the motion to compel as to this request should be denied. In addition, Defendants have requested that the *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed pending the outcome of the liability phase.

REQUEST FOR PRODUCTION NO. 32:

The Housing Location Inquiry for Central Jail module 2500 for May 13, 2009.

RESPONSE TO REQUEST FOR PRODUCTION NO.32:

Objections: this request is duplicative of Plaintiff's Supplemental Requests for Identification and Production of Documents served on March 27, 2017 and is therefore is unduly burdensome and improper; not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous as to what is meant by "Housing Location Inquiry"; unreasonably invasive of the privacy rights of third parties.

Without waiving the foregoing objections and subject thereto, Defendant will produce responsive documents, if any, that can be located after a reasonable, yet diligent search.

**DEFENDANTS' RESPONSES**

As an initial matter, Plaintiff's request is not relevant to any party's claim or defense and not proportional to the needs of the case as, for example, it seeks the list of all inmates from the particular module without limitation of location. *See* Fed.R.Civ.P. Rule 26(b)(1).  Consequently, the request violate the rights of third parties.  In addition, Plaintiff has explained why the present response is deficient in any way.  For these reasons, the motion to compel as to this request should be denied.

REQUEST FOR PRODUCTION NO. 33:

The Housing Location Inquiry for Central Jail module 2700 for May 13, 2009.

RESPONSE TO REQUEST FOR PRODUCTION NO.33:

Objections: this request is duplicative of Plaintiff's Supplemental Requests for Identification and Production of Documents served on March 27, 2017 and is therefore is unduly burdensome and improper; not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous as to what is meant by "Housing Location Inquiry"; unreasonably invasive of the privacy rights of third parties.

1

**DEFENDANTS' RESPONSES**

2         Plaintiff's request is not relevant to any party's claim or defense and not

3   proportional to the needs of the case as, for example, it seeks the list of all

4   inmates from the particular module without limitation of location, especially

5   when Plaintiff was housed at a different module.  *See* Fed.R.Civ.P. Rule 26(b)(1).

6   Consequently, the request violate the rights of third parties.  For these reasons, the

7   motion to compel as to this request should be denied.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR PRODUCTION NO. 35:

The Los Angeles County Sheriff's Department Custody Support Services Division May 2009 SCIF (Sheriffs Critical Information Forum) Report.

RESPONSE TO REQUEST FOR PRODUCTION NO.35:

Objections: this request is duplicative of Plaintiff's Supplemental Requests for Identification and Production of Documents served on March 27, 2017 and is therefore is unduly burdensome and improper; fails to designate the documents sought with reasonable particularity; vague and ambiguous; burdensome and harassing; calls for information protected by attorney-client privilege and the attorney work-product doctrine.

**DEFENDANTS' RESPONSES**

Defendants have and is continuing to conduct a diligent search and reasonable inquiry as to this request and have not been able to locate the material requested.  To the extent the material is not privileged, Defendants will supplement under Fed.R.Civ.P. Rule 26.  In addition, Defendants have requested that the *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed pending the outcome of the liability phase.

REQUEST FOR PRODUCTION NO. 36:

The Los Angeles Sheriffs Department Custody Support Services Division SCIF (Sheriff's Critical Information Forum) Reports issued in 2010.

RESPONSE TO REQUEST FOR PRODUCTION NO.36:

Objections: this request is duplicative of Plaintiff's Supplemental Requests for Identification and Production of Documents served on March 27, 2017 and is

therefore is unduly burdensome and improper; burdensome and harassing; fails to designate the documents sought with reasonable particularity; vague and ambiguous; calls for information protected by attorney-client privilege and the attorney work-product doctrine.

**DEFENDANTS' RESPONSES**

Defendants have and is continuing to conduct a diligent search and reasonable inquiry as to this request and have not been able to locate the material requested.  To the extent the material is not privileged, Defendants will supplement under Fed.R.Civ.P. Rule 26.  In addition, Defendants have requested that the *Monell* and supervisor liability claims be bifurcated for trial with discovery stayed pending the outcome of the liability phase.

Date: June 15, 2017

JEFF DOMINIC PRICE, Esq.

_____/s/   Jeff Dominic Price_____
JEFF PRICE
Attorneys for Plaintiff

Dated:  June ___, 2017                    LAWRENCE BEACH ALLEN & CHOI, PC

By _____[See signature page attached]_____
       Arnold F. Lee
       Attorneys for Defendants
       County of Los Angeles,
       Deputy Kerfoot,
       and Deputy Casey Owens